**In re Jerome NOWAK, Debtor.**

**Bankruptcy No. B79–02347.**

United States Bankruptcy Court, N. D. Ohio, E. D.

Feb. 26, 1982.

William S. Simon, Cleveland, Ohio, for debtor.

Myron E. Wasserman, Cleveland, Ohio, trustee.

## MEMORANDUM OF OPINION AND ORDER

JOHN F. RAY, Jr., Bankruptcy Judge.

This matter came before the Court on debtor's motion to allow pre-petition and post-petition claims to be added to the debtor's schedule of debts and briefs submitted by debtor's counsel and the trustee.

The facts are not disputed. Debtor originally filed a joint Chapter 13 bankruptcy petition with his wife on November 16, 1979. Subsequent to this filing, 46 medical bills were incurred by debtor's wife, and an electric bill was jointly incurred. Debtor subsequently divorced his wife, and she voluntarily dismissed herself from the Chapter 13 proceeding. On June 29, 1981, debtor filed a motion to allow pre-petition and post-petition claims to be added to his schedule of debts.

In determining this question, the Court must consider the potential import of 11 U.S.C. § 1328. This section states that all debts "provided for by the plan" shall be discharged. While it is not necessary to determine the dischargeability of post-petition debts at the present time, the Court must recognize the potential impact when the debtor now seeks to provide for these debts in the plan.

■ Debtor contends that 11 U.S.C. § 1305 gives him authority to add post-petition debts. Section 1305 provides, in part:

"(a) A proof of claim may be filed by any entity that holds a claim against the debtor—

\* \* \* \* \* \*

(2) that is a consumer debt, that arises after the date of the order for relief under this chapter, and that is for property or services necessary for the debtor's performance under the plan."

This section does not authorize the debtor to file a claim for a post-petition debt. Section 1305 only allows a proof of claim to be filed by an entity that holds such a claim against the debtor.

■ It is also clear that debtor may not file a claim for these post-petition debts under 11 U.S.C. § 501(c). Section 501(c), made applicable to Chapter 13 proceedings by Section 103(a), states that:

"If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim."

Section 501(c) is not applicable to the present case, because these post-petition debts are not held by a creditor as defined in Section 101(9). Section 101(9) defines creditors as an

"(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

"(B) entity that has a claim against the estate of a kind specified in section 502(f), 502(g), 502(h) or 502(i) of this title; or

"(C) entity that has a community claim;"

It is clear in the present case that these post-petition debts are not held by an entity

that falls within the definition of Section 101(9), and, thus, Section 501(c) has no application.

The trustee has also questioned the propriety of any entity filing a proof of claim in this case. The claims in this case could only be allowed under Section 1305 if they were consumer debts and for property or services necessary for debtor's performance under the plan. Trustee contends that medical claims incurred by debtor's wife are not necessary for the debtor's performance under the plan. Since this opinion holds that the debtor cannot file a proof of claim under Section 1305, it is unnecessary to decide if the claims qualify under Section 1305. However, if an entity holding such a post-petition claim files under Section 1305, the trustee's contentions merit thorough consideration.

The debtor also cannot use Bankruptcy Rule 110 to amend his schedules, because these debts are not held by creditors as defined by Section 101(9). Rule 110 states that:

"A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed. . . ."

Section 521 of the Code defines what is required in the debtor's petition, schedules and statement of affairs. This section states that the debtor shall:

"(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, and a statement of the debtor's financial affairs;"

The debtor has proposed to amend his schedules by adding post-petition claims to his list of creditors. Since these post-petition claims are not held by creditors as defined in Section 101(9), the debtor cannot use Rule 110 to add them to his list of creditors.

It is, therefore, ORDERED, ADJUDGED and DECREED that debtor's motion be, and the same is hereby denied.