**In re Milton & Dorothy HEFNER, Debtors.**

**Bankruptcy No. 81–21391.**

United States Bankruptcy Court, W.D. New York.

Aug. 24, 1983.

Kenneth B. Mason, Rochester, N.Y., for debtors.

Richard D. Rochford, Rochester, N.Y., for RG & E.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

Husband and wife, who are joint debtors in this particular case, have filed a post-petition claim on behalf of Rochester Gas & Electric in the amount of $1,604 for services received while the debtors were under a Chapter 13 plan. The debtors have filed a motion to amend their schedules to add this post-petition debt. Rochester Gas & Electric has responded that they will permit the addition of this post-petition debt only if they could receive 100% payment under the plan. The plan already has been confirmed and provides for the payment of 75% of the unsecured debts.

The issue raised by this motion is whether a post-petition claim in a Chapter 13 may be filed by the debtor for a consumer debt under 11 U.S.C. § 501(c) and Bankruptcy Rule 3004 when the creditor does not desire the debt to be filed.

11 U.S.C. § 501 provides that a creditor may file a claim and provides that the debtor or trustee may file a claim if the creditor does not in a timely fashion. 11 U.S.C. § 501 is applicable to debtors in liquidation and to Chapter 13 cases. A creditor under 11 U.S.C. § 501 is defined by 11 U.S.C. § 101(9) as an entity that in essence has a pre-petition claim. You must look to 11 U.S.C. § 1305 for the filing of post-petition claims. 11 U.S.C. § 1305 permits a proof of claim to be filed by any entity that holds a claim against the debtor. This does not include the trustee or the debtor. A case in point is *In re Nowak,* 17 B.R. 860 (Bkrtcy.N. D.Ohio, E.D.1982) where the Court held that a debtor is not entitled to file a 11 U.S.C. § 1305 post-petition claim under 11 U.S.C. § 501(c) because an entity holding a post-petition claim is not a creditor under the Code and a 11 U.S.C. § 1305 claim can be filed only at the option of the party holding the claim. Bankruptcy Rule 3004 does not expand that power because that Rule says that the debtor or trustee may only file a claim when the creditor fails to file a proof of claim. In this case, Rochester Gas & Electric is not a creditor within the meaning of the Bankruptcy Rule.

Rochester Gas & Electric in response to the debtor's motion in this particular case stated they would permit the adding of their debt only if they could receive 100% under the plan. But a creditor who elects pre-petition treatment may not demand a special classification under the plan. A post-petition claim which is allowed under 11 U.S.C. § 1305 receives the same treatment as pre-petition claims in terms of proof, allowance and priority. Collier on Bankruptcy, 15th Edition, Volume 5 states in § 1305.01 subdivision 3 at page 1305–8, "A post petition tax claim or consumer debt claim filed pursuant to § 1305(a) is to be allowed or disallowed under § 502(a), (b),

**384**

(c), (d) or (e) discussed elsewhere as though it were a pre-petition claim except for certain consumer debt claims dealt with by subsection (c) or 11 U.S.C. § 1305."

Therefore, the debtor's motion to add a post-petition claim on behalf of Rochester Gas & Electric in the amount of $1,604 to their Chapter 13 plan is denied and it is so ordered.