**In re Marvin ROSEBORO, SS # 243–32–8740, Debtor.**

**Bankruptcy No. SH–B–85–0159.**

United States Bankruptcy Court, W.D. North Carolina, Shelby Division.

June 10, 1987.

O. Max Gardner, III, Shelby, N.C., for debtor.

Wayne Sigmon, Gastonia, N.C., for Heilig-Meyers Furniture.

## ORDER DENYING DEBTOR'S MOTION TO MODIFY PLAN POST–CONFIRMATION AS TO HEILIG–MEYERS FURNITURE

MARVIN R. WOOTEN, Bankruptcy Judge.

### FINDINGS OF FACT

The debtor filed a petition under Chapter 13 in this Court on April 24, 1985 and his plan was subsequently confirmed. On April 21, 1986, June 5, 1986, June 12, 1986, August 2, 1986, August 7, 1986, and October 3, 1986, the debtor purchased various items of personal property from the Heilig-Meyers store in Shelby, North Carolina. For each such sale, Heilig-Meyers retained a purchase money security interest in the items purchased. The items of personal property purchased by the debtor include a Telephone, a Fan, an Iron, a Color Television, a Watch, a Picture, and a Bedroom Suite. Up to receipt of a copy of the debtor's Motion to Modify Plan Post-Confirmation, Heilig-Meyers had no knowledge or notice of the debtor's Chapter 13 case.

On or about March 4, 1987 the debtor filed the subject Motion to Modify. Therein the debtor requests that his Chapter 13 plan be amended to add therein post-petition claimants, including Heilig-Meyers, with the claims of the claimants proposed to be added to be treated as unsecured claims. On April 16, 1987, Heilig-Meyers filed a Motion for Relief from Stay to foreclose its security interest in the property purchased by the debtor post-confirmation and to pursue any action for deficiency that may result against the debtor. Concurrently herewith, this Court has granted the Motion of Heilig-Meyers for relief from stay to foreclosure upon its security interest in the property purchased by the debtor post-confirmation. Additionally, this Court has granted to Heilig-Meyers relief from the stay to pursue up to judgment in state court any action for deficiency that may result against the debtor. However, the Order granting Relief from Stay to Heilig-Meyers prevents Heilig-Meyers from executing upon any deficiency judgment that it may obtain in state court until the debtor's Chapter 13 case is closed or otherwise dismissed.

### DISCUSSIONS AND CONCLUSIONS OF LAW

Heilig-Meyers urges the Court to enter an Order determining that post-petition claims for consumer debts may be included in a Chapter 13 plan only if the entity holding the post-petition claim files a Proof of Claim in the case. Further, Heilig-Meyers urges the Court to determine that property of the type purchased by the debtor from Heilig-Meyers is not necessary for the debtor's performance under the plan.

Section 1305 of the Bankruptcy Code deals with post-petition claims in Chapter 13 cases. It provides in pertinent part as follows:

> (a) A proof of claim may be filed by any entity that holds a claim against the debtor...., (2) that is a consumer debt, that arises after the date of the order for relief...., and that is for property or services necessary for the debtor's performance under the plan.

When broken down by its elements, Section 1305 indicates:

A. "A proof of claim *may* be filed": Use of the word "may" indicates that in Section 1305 filing of a proof of claim is permitted but not required. *Collier on Bankruptcy*, 15th Ed. Section 1305.01(2) indicates:

> Section 1305(a) is permissive. There is no requirement that the holder file proof of a post-petition claim under Section 1305.

B. "by any entity that holds a claim against the debtor": An analysis of the Bankruptcy Code and the case law on point indicates that for the purposes of Section 1305(a)(2), only the holder of a post-petition claim may file a proof of claim. This is an exception to the general rule set out in Section 501 of the Bankruptcy Code which allows the debtor, the trustee, or other

parties in interest to file a proof of claim in behalf of a non-filing claimant.

Section 1305 speaks to the filing of a proof of claim by an "entity". Section 101(14) defines "entity" to include any "person, estate, trust, and governmental unit". Conversely, Section 501 speaks only to filing of a proof of claim by a "creditor". Section 101(9) defines "creditor", in pertinent part, as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor". Thus, the term "creditor" is limited by definition to pre-petition claimants or claimants whose claims are deemed by the Bankruptcy Code to have arisen at the time of the order for relief. There is no provision in the Bankruptcy Code which directs pre-petition status for claims covered by Section 1305(a)(2). Therefore, post-petition claimants under Section 1305(a)(2) are not "creditors" and Section 501 is not applicable. This analysis is supported by *Collier on Bankruptcy*, 15th Ed. Section 1305.01(2) which indicates:

> Although the Code permits certain post-petition claims to be filed by the debtor or by the trustee, if the creditor does not do so, those provisions are inapplicable to a Section 1305 post-petition consumer debt claim because the holder of a such a claim is neither a "creditor" nor otherwise expressly authorized to file a claim.

This analysis is also supported by case law. See *In re Pritchett*, 55 B.R. 557 (Bkrtcy.W.D.Va.1985) and *In re Hester*, 63 B.R. 607 (Bkrtcy.E.D.Tenn.1986).

C. "that is for a consumer debt": Section 101(7) defines "consumer debt" as a debt incurred by an individual primarily for personal, family, or household purposes. The debtor's debt to Heilig-Meyers is a consumer debt.

D. "that arises after the date of the order for relief under this Chapter": Heilig-Meyers' debt is a debt that arose after the order for relief.

E. "and that is for property or services necessary for the debtor's performance under the plan": This Court finds as a fact and concludes as a matter of law that the property purchased by the debtor from Heilig-Meyers is not necessary for the debtor's performance under the plan. Citing H.R.Rep. No. 595, 95th Cong. 1st Sess. 427–28 (1977), U.S.Code Cong. & Admin. News 1978, p. 5787 *Collier on Bankruptcy*, 15th ed. Section 1305.01(C) states:

> The debtor often encounters unforeseen circumstances which strain a marginal budget to the breaking point during the pendency of a Chapter 13 plan. The only alternative to avoiding the plan may be to obtain additional credit, *such as automobile repairs or hospital debts*. Section 1305(a)(2) permits holders of *post-petition claims of this nature* to share with pre-petition creditors under the plan by permitting them to file proofs of claim. (emphasis added).

■ Further analysis of the Bankruptcy Code indicates that a Chapter 13 plan may not provide for a post-petition claim under Section 1305(a)(2) unless the holder of such a post-petition claim files a proof of claim. Section 1322(b)(6) provides:

> (b) ..., the plan may—
> (6) provide for the payment of all or any part of a claim *allowed* under Section 1305 of this title ...; (emphasis added)

Section 1322(b)(6) speaks to *allowed* claims while the other provisions of Section 1322(b) speak only to claims. Section 502(a) provides that *allowance* of a claim requires the filing of a proof of claim. Therefore, a Chapter 13 plan may provide for post-petition claims under Section 1305(a)(2) only if a proof of claim is filed by the holder of the claim. See *In re Pritchett* and *In re Hester* cited above.

■ A post-petition claim under Section 1305(a)(2) for which the holder of the claim does not file a proof of claim is not discharged in a Chapter 13 case. Section 1328 provides that a Chapter 13 debtor receives a discharge for debts *provided for by the plan*. However, as indicated above, a Chapter 13 plan does not provide for a post-petition claim under Section 1305(a)(2) unless the holder thereof files a proof of claim. Therefore, post-petition claims for which there is no allowed claim are not

provided for and are not discharged by a Chapter 13 case. Interestingly, under Section 1328(d), a Chapter 13 discharge does not grant the debtor a discharge from an allowed claim filed under Section 1305(a)(2) if prior approval of the trustee of incurring such debt is practicable and was not obtained. Therefore, even if a post-petition claimholder under Section 1305(a)(2) files a proof of claim and is provided for by the plan, the claim is not discharged if the debtor's obtaining prior approval for incurring the debt was practicable and was not done.

IT IS THEREFORE ORDERED that the debtor's Motion to Modify Plan Post-Confirmation be, and it hereby is, denied as said Motion applies to Heilig-Meyers Furniture.