In re Thomas GLOVER, Mary Ethel Glover, Debtors.

In re Pauline Marie JARNAGIN, Debtor.

In re William R. GUMM, Judy A. Gumm, Debtors.

In re Louella J. MYERS, Debtor.

In re Arnold F. COOPER, Tina Marie Cooper, Debtors.

Bankruptcy Nos. 2–87–03562, 2–88–04597, 2–88–02866, 2–89–04128 and 2–88–03994.

United States Bankruptcy Court, S.D. Ohio, E.D.

Nov. 17, 1989.

Peter H. Riddell, Gahanna, Ohio, for debtors Thomas and Mary Ethel Glover.

Norman M. Frank, Columbus, Ohio, for Beneficial Ohio, Inc.

Frank Pees Chapter 13 Trustee, Worthington, Ohio.

Peter H. Riddell, Gahanna, Ohio, for debtor, Pauline Marie Jarnagin.

Robert H. Farber, Jr., Columbus, Ohio, for debtors, William and Judy Gumm.

Mitchel D. Cohen, Columbus, Ohio, for debtor Louella Myers.

Mitchel D. Cohen, Columbus, Ohio, for debtors Arnold and Tina Marie Cooper.

## OPINION AND ORDER ON ALLOWANCE OF POST–PETITION CLAIMS IN CHAPTER 13

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

*In re Glover*, Case # 2–87–3562, came on for hearing on September 21, 1989 upon the Motion to Lift Stay by Beneficial Finance Corporation, and upon the Debtors' Motion to Modify Plan and Beneficial's Objection thereto.

### Discussion

■ The other above-captioned cases raise the same issue under various guises with the same intended result: to include the claim of a creditor, which was incurred after commencement of the Chapter 13 case, in the Chapter 13 Plan. For this reason, the Court has prepared this Opinion to treat the issues presented by each of these cases; the cases are not consolidated except for purposes of this Opinion.

For several reasons, the Court is inclined to deny the relief sought by the Debtors.

The Bankruptcy Code is generally intended to affect only those claims which arise prior to commencement of the case. The term "claim" is defined in § 101(4) of the Code as "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured...." Section 101(9) defines a "creditor" as an "entity which has a claim against the Debtor *that arose at the time of or before the Order for Relief* concerning the Debtor ... (emphasis supplied)." [1] Section 501 of the Bankruptcy Code, which is applicable to all bankruptcy cases,[2] provides that a creditor may file a proof of claim.[3] Only upon the failure of a creditor to timely file a proof of claim, may the Debtor file a proof of such claim. See, 11 U.S.C. § 501(c); Bankruptcy Rule 3004. With certain exceptions not

---

1. Section 101(9) also defines the term "creditor" as an entity which has a claim against the estate of a kind specified in certain other Bankruptcy Code sections, which are not applicable here.

2. See, 11 U.S.C. § 103.

3. In fact, Bankruptcy Rule 3002 states that an unsecured creditor must file a proof of claim to be allowed, except under certain circumstances which are not present here.

applicable here, post-petition claims are generally not allowable in bankruptcy cases, including Chapter 13 cases. *See*, 11 U.S.C. § 502(b).

Section 1305 of the Bankruptcy Code governs filing and allowance of post-petition claims in Chapter 13 cases. Section 1305 is of limited scope; it provides:

(a) A proof of claim may be filed by any entity that holds a claim against the debtor—

(1) for taxes that become payable to a governmental unit while the case is pending; or

(2) that is a consumer debt that arises after the date of the order for relief under this chapter, and that is for property or services necessary for the debtors' performance under the plan.

Section 1305(b) goes on to provide that the claim shall be allowed or disallowed under § 502 as if the claim had arisen before the date of commencement of the case. Unlike § 501 and Bankruptcy Rule 3004, there is no authorization for a Debtor to file a claim on behalf of an entity whose claim arose post-petition. *Federal National Mortgage Association v. Moore (In re Shahid)*, 27 B.R. 673 (Bankr.S.D.Ohio 1982); *In re Dickey*, 64 B.R. 3 (Bankr.E.D.Va.1985). *In re Roseboro*, 77 B.R. 38 (Bankr.W.D.N.C. 1987). Section 501(d) specifically sets forth those post-petition claims for which the Debtor may file a proof of claim; *e.g.*, those claims specified in § 502(e)(2), § 502(f), § 502(g), § 502(h) or § 502(i). Those provisions are inapplicable to a claim of the kind specified in § 1305 because the holder of such a claim is neither a "creditor," as that term is defined by § 101(9), nor can his claim fall within those provisions of § 503. *Collier on Bankruptcy* Para. 1305.01 (15th ed. 1988). Congress having set forth such a pervasive scheme for filing of claims, the Court is satisfied that Congress would have included a provision for post-petition claims had it intended to authorize the Debtor to deal with such debts. Furthermore, it is a basic rule of statutory construction: expressio unius est exclusio alterius, or expression of one thing is the exclusion of another.

A Debtor cannot sidestep the requirements of § 1305 through modification of the Chapter 13 Plan. Section 1329 of the Bankruptcy Code, which governs modification of the Chapter 13 Plan after confirmation, provides:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than under the plan.

(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

Section 1329 does not authorize modification of the plan to provide for treatment of post-petition debt except as provided in subparagraph (b)(1). That paragraph provides that § 1322(b) applies to any modification. Section 1322(b)(6) states that, "the plan *may* ... provide for payment of all or any part of any claim *allowed* under § 1305 ... (emphasis supplied)." As discussed above, only the holder of a post-petition claim may file a proof of such a claim. Section 502(a) and Bankruptcy Rule 3002 require that a proof of claim be filed in order for the claim to be allowed for purposes of distribution. Thus, a Chapter 13 plan may provide for post-petition claims only if a proof of claim is filed by the holder of the claim. *In re Roseboro, supra; In re Dickey, supra.*

The legislative history is supportive of this interpretation of the provisions of Chapter 13. Under the Bankruptcy Act of 1898, Chapter XIII plans were unlimited in duration. As observed by Congress, Chapter XIII became a way of life for certain

debtors in some areas of the country where debtors were inadequately supervised. Extensions on plans and newly incurred debt kept some debtors in Chapter XIII for up to ten years. This became "the closest thing there is to indentured servitude", lasting for an indefinite period of time, and not providing the relief and fresh start for the debtor that is the essence of modern bankruptcy law. H.R.Rep. No. 595, 95th Cong., 1st Sess. 117 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6077–6078, cited in 5 *Collier on Bankruptcy* Para. 1300.02 n. 3 (15th ed. 1988). The present Chapter 13 attempts to cure the inadequacies of the Bankruptcy Act by limiting the length of time of a Plan and providing the debtor with adequate exemptions and protection to insure a fresh start. H.R.Rep. at 117–118, U.S.Code Cong. & Admin.News 1978, pp. 6077–6079.

Equity also requires this result. Although the *Glover* plan provides for payment of 100% of claims, the Plan in other cases may often provide for a lesser dividend to creditors. To grant the relief sought by the Debtors may force the creditor to be included (or lead him to believe that he is included) in a plan when he was not able to participate in the confirmation process. Prior to bankruptcy, every creditor equally shares the risk of a future bankruptcy; however, the post-petition creditors would be unfairly saddled with an existing case of which he may not have been informed and allowed an opportunity to protect himself. Finally, although not proposed in any of the instant cases, a debtor who is allowed to add post-petition claims, may then seek to decrease the dividend payable to creditors through his plan. This would be unfair to the pre-petition creditors who relied on the debtor's financial state of affairs at the time of filing or at the time of confirmation of the plan to ascertain their rights and determine their course of action. They have expectations by virtue of the confirmed plan which the debtor should not be allowed to trample with irresponsible post-petition conduct.

**4.** Mrs. Glover used her maiden name of Mary Adams in this transaction, and failed to disclose the Chapter 13 to Beneficial. Although the

*The Cases*

## A. *In re Glover*, Case No. 2–87–03562

The *Glover* case brought this issue to the forefront and induced the Court to address the matter. The case came on for hearing upon the Motion for Relief From Automatic Stay by Beneficial of Ohio, Inc. (Beneficial), the Debtors' Motion and Application to Modify Chapter 13 Plan, and Beneficial's Objection to modification. Present at the hearing were Norman Frank representing Beneficial and Peter Riddell representing the Debtors. After hearing the statements of counsel, the Court took the matter under advisement.

On August 13, 1987, the Debtors Thomas and Mary Glover, filed a petition for relief under Chapter 13 of the Bankruptcy Code. On February 17, 1988, the Court entered an Order confirming the Debtors' Chapter 13 Plan which provided, *inter alia*, for payment of 100% of the unsecured claims. Subsequent to Confirmation of the Debtors' Plan, the Debtors obtained a loan from Beneficial in the amount of $1770.63 for the purchase of a clothes dryer and refrigerator.[4] Beneficial, of course, took a security interest in the items purchased and Mrs. Glover signed a promissory note providing for monthly payments and bearing an interest rate of 25%. The Debtors defaulted in the payments pursuant to the promissory note, and only upon default, advised Beneficial of the pendency of this Chapter 13 case. After learning of the pending Chapter 13, Beneficial filed the instant Motion to Lift the Automatic Stay in order to pursue its nonbankruptcy remedies. At approximately the same time, the Debtors filed a Motion to Modify the Plan, seeking an Order of this Court authorizing the Debtors to include the obligation to Beneficial under the terms of the Chapter 13 Plan. The Motion also indicated that the Debtors wished to value the collateral pursuant to § 506 of the Bankruptcy Code, asserting that the collateral is worth $1,000. The net result of this would be payment to Benefi-

Court takes note of these facts, they are not central to the Court's ruling herein.

cial of the value of their secured claim, together with interest at the market rate (which is lower than the contractual rate of 25%), and payment of the balance as an unsecured claim under the Plan. Naturally, Beneficial objected to this treatment asserting that it had no knowledge of the bankruptcy case and should not be prejudiced by the Debtors' fraudulent conduct.

At the hearing, the counsel for each of the parties advised the Court that they had reached a resolution of their disputes under which Beneficial would withdraw its Motion for Relief From the Stay, the Debtors would withdraw their Motion to Modify the Plan, and the Plan would be modified to treat the claim of Beneficial as an administrative claim, payable in full with interest at the contract rate. The Plan would be extended from 46 months to 60 months in duration, and the dividend to unsecured creditors would remain at 100%.

 The Court is unwilling to place its imprimatur on the parties compromise proposal, primarily because the debt is not in fact an administrative expense. Section 503(b) expressly states that an administrative expense is one which is an actual and necessary cost or expense of preserving the estate. This debt incurred by the Debtors was not necessary, nor was it a cost of preserving the estate. Therefore, the Court will turn to the Motions of the parties.

Beneficial has not filed a claim in this Chapter 13 case for the obligation incurred by the Debtors. Therefore, pursuant to the discussion above, the Court may not grant the Debtors' Motion to Modify the Plan. Furthermore, the Court is not convinced that the automatic stay applies to prohibit Beneficial from pursuing its nonbankruptcy remedies. *See*, 11 U.S.C. § 362(a). In any case, if the stay does apply, the circumstances of this case justify relief for cause pursuant to § 362(d)(1). Accordingly, it is

Ordered and Adjudged that the Debtors' Motion and Application to Modify Chapter 13 Plan hereby is denied. It is further

Ordered and Adjudged that the Motion for Relief From Automatic Stay by Beneficial of Ohio, Inc. hereby is granted. It is further

Ordered and Adjudged that this Order is without prejudice to Beneficial to file a claim pursuant to § 1305(a) if it so chooses, or to the Debtors to seek modification of their Plan in the event that Beneficial chooses to file a claim pursuant to § 1305.

B. *In re Jarnagan*, Case No. 2–88–04597

Similar to the *Glover* case, the Debtor in *Jarnagan* filed a Motion and Application to Modify Chapter 13 Plan to include a postpetition debt incurred to BancOhio. It is worthy of note that the Debtors' plan provides for a 50% dividend to unsecured creditors. BancOhio has not filed a claim pursuant to § 1305 and, therefore, the Debtor has no authorization for modification of the Chapter 13 Plan. Accordingly, it is

Ordered and Adjudged that the Debtor's Motion to Modify Chapter 13 Plan hereby is denied. This Order is without prejudice to BancOhio to file a claim pursuant to § 1305(a)(2) if it so chooses, and is eligible to do so pursuant to the provisions of § 1305, and in that event, the Debtors may refile their Motion.

C. *In re Gumm*, 2–88–02866

In *Gumm*, the Debtors filed a Motion to Allow Post–Petition Claim, requesting that five post-petition claims be allowed pursuant to § 1305. Additionally, the Debtors have attempted to file claims on behalf of each of those entities which hold post-petition claims: Columbia Gas of Ohio, Inc. (Claim No. 29), Dept. of Public Utilities (Claim No. 30), Dr. Michael Freeman (Claim No. 31), General Telephone Co. (Claim No. 32), and South Central Power Co. (Claim No. 33). As discussed above, there is no authorization for a Debtor to file a claim on behalf of a creditor pursuant to § 1305. The Court notes, however, that Columbia Gas of Ohio, Inc. filed a claim on September 14, 1989 (Claim No. 34). A claim has also been filed by Roslyn Coffmon, which appears to be filed on behalf of General Telephone Co. (Claim No. 35). Those claims having been filed, the Debtor may

seek modification of their Chapter 13 Plan to provide for payment of these claims, if they so choose. In accordance with the foregoing, it is

Ordered and Adjudged that the Debtors' Motion to Allow Post–Petition Claim is granted as to General Telephone Company and Columbia Gas of Ohio. The Debtors' Motion to Allow Post–Petition Claim as to South Central Power Co., Dr. Michael Freeman, and Dept. of Public Utilities is hereby denied. It is further

Ordered and Adjudged that Claims 29, 30, 31, 32 and 33 filed by the Debtors on behalf of the Creditors hereby are stricken. It is further

Ordered and Adjudged that this Order is without prejudice to the Dept. of Public Utilities, Dr. Michael Freeman, and South Central Power Co. to file a claim should they so choose. This Order is further without prejudice to the Debtors to seek modification of their Plan should they so choose.

### D. *In re Myers*, Case No. 2–89–04128

In this case, the Debtor filed an Amendment to Item 12(c) of her Chapter 13 Statement, purportedly to include debts incurred post-petition.[5] The Debtor did not seek authorization to file claims or for allowance of these claims.

The case is before the Court to consider Confirmation of the Chapter 13 Plan. The Debtor's Plan provides that a dividend of 40% shall be paid to creditors on account of pre-petition claims, while a dividend of 100% shall be paid to those entities holding post-petition claims.

Section 1322(b)(6) provides that the Plan may provide for payment of all or any part of a claim allowed under § 1305. Therefore, the Debtor's Plan as amended, may be confirmed. However, the Court notes that § 1305 is permissive in nature, and does not require that an entity holding a post-petition claim file a proof of claim unless they wish to participate in distribu-

tion under the Plan.[6] Accordingly, it appears that the Plan could be confirmed absent any objection after service of the Amendment on all parties of interest. A separate Order has been entered by the Court directing service.

### E. *In re Cooper*, Case No. 2–88–03994

The Debtors in *Cooper* filed a Motion to Allow Post–Petition Claim seeking to add three debts incurred post-petition. One of the entities holding such a debt, Columbus Southern Power Company responded and by separate Order, this Court has denied the Debtors' Motion. Pursuant to the discussion above, the Motion must also be denied as to the other creditors which the Debtors seek to include in this Chapter 13 case. Additionally, the Debtor has filed a claim on behalf of each of the entities, which claims must be stricken. In accordance with the foregoing, it is

Ordered and Adjudged that the Debtors' Motion to Allow Post–Petition Claim hereby is denied. The claims filed by the Debtors on behalf of John D. Credico, Jr., M.D. (Claim No. 26), and Kenneth O. Kyger, D.D.S. (Claim No. 27) are stricken. This Order is without prejudice to the claimants to file a claim pursuant to § 1305 if they so choose and are eligible to do so pursuant to the provisions of § 1305.

IT IS SO ORDERED.

---

5. Although the Amendment does not indicate that the debts listed are post-petition claims, the Debtor also filed an Amendment to Chapter 13 Plan which so states.

6. The Court has not been requested and does not in this Opinion decide the dischargeability of post-petition claims in this instance, but, see 5 *Collier on Bankruptcy* para. 1300.01[2](i) (15th Ed.1988).