In re Richard A. MARTIN, Jr., M.D., Debtor.

Bankruptcy No. 90–11363–8P3.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 7, 1991.

Francis M. Kinsey, Tampa, Fla., for debtor.

Chris C. Larimore, U.S. Trustee, Bradenton, Fla.

### ORDER ON OBJECTION TO CONFIRMATION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case and the matter under consideration is the Confirmation of the Debtor's Chapter 13 Plan, together with the Objection to Confirmation of the Plan filed by the United States of America (Government). The Court has considered the Plan, together with the Objection and the record, and finds the relevant facts to be as follows.

The Debtor filed his Petition for Relief under Chapter 13 of the Bankruptcy Code on November 13, 1990. Immediately thereafter, the Debtor filed his Chapter 13 Plan, which identified the Government (Internal Revenue Service) (IRS) as an unsecured priority claimant in Class I. The plan provided that the unsecured priority claim of the IRS in the amount of $39,602.00 shall be paid under the Plan. The claim as stated by the Debtor was based on unpaid income taxes for 1989 and for 1990 estimated taxes. Thus, the plan of the Debtor proposed to deal with the estimated income taxes due for the year of 1990, which taxes were not yet due and owing on the date of the commencement of this Chapter 13 case.

The record reveals that this Court entered an Order which fixed March 20, 1991 as the last day to file proofs of claim. The IRS did, in fact, file a timely proofs of claim in the amount of $28,834.61 based on taxes for the year 1989. On June 19, 1991, or after the bar date, the Debtor filed a claim on behalf of the IRS in the amount of $9,573.00 based on the Debtor's estimated 1990 income tax obligation.

It is the contention of the Government that the Debtor's claim on behalf of the IRS for 1990 taxes should be disallowed because it was not timely filed. Alternatively, the IRS argues that only the IRS, and not the Debtor, has the right to file a claim for a post-petition obligations pursuant to § 1305(a).

■ Section 501(c) of the Bankruptcy Code provides if a creditor fails to file a timely proof of claim, the Debtor may file such a claim. Bankruptcy Rule 3004 provides that the Debtor may file such a claim within 30 days after the expiration of the time for filing claims. Considering that the Debtor did not file a claim for 1990 taxes on behalf of the IRS until June 19, 1991, ninety-one days after the last day set by the Court for filing claims, the Debtor's claim on behalf of the IRS is untimely.

An alternative ground for disallowing post-petition claim filed on behalf of the Government by the Debtor can be found in § 1305. Section 1305 provides in pertinent part:

> § 1305. Filing and allowance of postpetition claims.
>
> (a) A proof of claim may be filed by any entity that holds a claim against the debtor—
>
> (1) for taxes that become payable to a governmental unit while the case is pending; ...

■ The clear language of § 1305(a) provides that a claim, which arises after commencement of the case, may be filed by the holder of such claim, and this has been interpreted to mean that the Debtor may not file such a claim. *In re Benson,* 116 B.R. 606, 608 (Bankr.S.D.Ohio 1990) *citing, In re Pritchett,* 55 B.R. 557, 559 (Bankr. W.D.Va.1985); *In re Glover,* 107 B.R. 579, 581 (Bankr.S.D.Ohio 1989); *In re Roseboro,* 77 B.R. 38, 39 (Bankr.W.D.N.C.1987); *In re Hefner,* 32 B.R. 382, 383 (Bankr. W.D.N.Y.1983); *In re Shahid,* 27 B.R. 673, 674 (Bankr.S.D.Ohio 1982); *In re Nowak,* 17 B.R. 860, 861 (N.D.Ohio 1982). The *Benson* Court noted that a Chapter 13 Debtor may not file a Proof of Claim on behalf of a post-petition creditor and thus

forcing that creditor to participate in the Debtor's Chapter 13 plan. Only the post-petition creditor has the right to file a post-petition claim. *Benson* at 608.

In sum, the post-petition claim filed the Debtor on behalf of the IRS is both untimely and improperly filed. Thus, this claim cannot be dealt with in the context of the Debtor's Chapter 13 Plan and the Objection of the IRS should be sustained.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Objection to Confirmation of the Debtor's Chapter 13 Plan filed by the United States of America be, and the same is hereby, sustained. It is further

ORDERED, ADJUDGED AND DE-CREED that confirmation of the Debtor's Chapter 13 Plan be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor has 10 days from the date of this Order within which to file a new Chapter 13 Plan that does not include the post-petition claim of the IRS. If the plan is timely filed the Court will set a confirmation hearing on such Plan. If the Debtor fails to timely file an amended plan, this Court will set this case for dismissal or conversion.

DONE AND ORDERED.