**In the Matter of Charles Ira EPSTEIN and Anne Kastan Epstein, Debtors.**

**Bankruptcy No. 1–89–13618.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

May 30, 1996.

Robert A. Goering, Goering & Goering, Cincinnati, OH, for Petitioner.

Terry Serena, Internal Revenue Service, Cincinnati, OH, for Respondent.

### ORDER ON DEBTORS' MOTION TO ENFORCE DISCHARGE

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter is before the Court on the Debtors' Motion to Enforce Discharge against the Internal Revenue Service (IRS).

(Doc. 42). The IRS has filed a response to the motion. (Doc. 43). The Court held a hearing on November 29, 1995, at which the parties were granted additional time to file supplemental memoranda. (Mem. of Debtors, doc. 47; Mem. of IRS, doc. 48). The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

The issue before the Court is whether the discharge order issued after completion of the Debtors' Chapter 13 plan bars the IRS from collecting income taxes owed by the Debtors for the year 1989.

### Factual Setting and the Parties' Contentions

On September 6, 1989, the Debtors filed a petition under Chapter 13 of the Bankruptcy Code, listing the IRS as a creditor on the accompanying statements and schedules. The Debtors' Chapter 13 plan was confirmed on October 31, 1989. The plan provided for the IRS to be paid $1000 per month for 42 months. (Proceeding Mem., doc. 7; Order Confirming Plan, doc. 8).

On January 18, 1990, the IRS filed a proof of claim covering income taxes owed by the Debtors for the years 1985, 1986, 1987 and 1988, FICA taxes for the third and part of the fourth quarter of 1989, FUTA taxes for that part of 1989 preceding the Debtors' bankruptcy filing, and a penalty with interest. (Proof of Claim, doc. 13). About a month later the IRS amended its proof of claim, omitting the 1989 FICA and FUTA taxes and reducing the penalty. (Am.Proof of Claim, doc. 13a).

In June 1990, the Debtors' filed an application pursuant to 11 U.S.C. § 1305, proposing to add the IRS to their plan as a creditor for the 1989 income tax liability contending that the IRS was originally "not listed due to inadvertence" or that this debt was "incurred through no fault of the debtor after confirmation." The IRS did not respond to the application which the Court granted. (App. to Add Creditor, doc. 15).

On November 21, 1991, the IRS again amended its proof of claim, adding FUTA

taxes for 1987. (Second Am.Proof of Claim, doc. 13b). On June 10, 1992, the IRS amended its proof of claim for the last time by once again reducing the penalty claimed. The final amended proof of claim, in the amount of $47,194.29, covers income taxes for 1985, 1986, 1987 and 1988, and FUTA taxes for 1987. (Third Am.Proof of Claim, doc. 13c).

In May 1995, upon completion of the Debtors' plan, the Court issued an order of discharge pursuant to 11 U.S.C. § 1328(a). Shortly thereafter the IRS sought to collect the 1989 income taxes.[1] In response the Debtors successfully moved to reopen their case to file the instant motion.

The Debtors' main argument is that after the Court granted their application proposing to add the 1989 income taxes to their confirmed plan, the IRS chose to include the 1989 income tax liability "in the plan by filing amended proof of claims." The Debtors contend that choosing to include the 1989 income tax liability in the plan, coupled with the discharge order, now bars the IRS from collecting the 1989 income tax debt. (Mem. of Debtors, doc. 48 at 2, 3). Because the IRS "chose to be included in the plan" the Debtors assert that it does not matter whether the 1989 income taxes are considered a prepetition or a postpetition debt. (*Id.* at 1–2). The Debtors also argue that the discharge order does not provide an exception for "IRS taxes added after the plan is confirmed" and therefore "the 1989 taxes are dischargeable." (*Id.* at 4).

The IRS responds that the prepetition or postpetition status of the 1989 income tax liability "is determined as of the last moment of the taxable period. As such, the debtors' 1989 income tax liability is entirely a postpetition obligation based upon the September 6, 1989, commencement date for this case."

**1.** In addition to the 1989 income taxes the IRS initially sought to collect the 1987 FUTA taxes and income taxes for 1985 and 1988. The IRS now takes the position that pursuing collection of these additional taxes was in error and concedes "all issues of dischargeability except those relating to the 1989 income tax liability." (Mem. of IRS, doc. 47 at 1 n. 1).

**2.** In addition to the 1989 federal income tax debt, the Debtors also proposed postconfirmation modification of their plan to add the State of

(Mem. of IRS at 2). The IRS argues that because the Debtors' 1989 income tax liability was incurred postpetition the Debtors' attempt to add it to their plan "is ineffective for the purposes of discharging this debt." (*Id.*).

### Dischargeability of the Debtors' 1989 Income Tax Liability

■ There is no evidence before this Court that the Debtors' 1989 federal income tax year ended on any date other than December 31, 1989, or that the Debtors' 1989 federal income tax return was due by any date other than April 15, 1990. To the contrary, the Debtors acknowledge that in June 1990 they sought to add "the 1989 tax liability [to the plan] after the returns were filed." (Mem. of Debtors at 2; App. to Add Creditor, doc. 15) (clarification added). Additionally, the Debtors do not contest the IRS records which "indicate that the debtors' return was timely filed on or before April 15, 1990." This Court concludes that the Debtors' 1989 income tax year ended on December 31, 1989, and that income taxes for 1989 were payable by April 15, 1990. Accordingly, the 1989 income tax liability is a postpetition debt. *In re Chavis,* 47 F.3d 818, 819 n. 4 (6th Cir.1995); *In re Hudson,* 158 B.R. 670, 672–73 (Bankr.N.D.Ohio 1993).

As in the instant case, Chapter 13 debtors often request modification of confirmed plans for the purpose of adding postpetition debts.[2] As such, a brief overview of the relevant interrelated sections of the Bankruptcy Code regarding postconfirmation plan modification is helpful in determining whether the Debtors' 1989 income tax liability is discharged.

Section 1329 of the Code governs the postconfirmation modification of Chapter 13 plans.[3] Addressing postpetition debts,

Ohio for 1989 and 1990 income taxes (Docs. 18 and 21) and Jewish Hospital, the Anesthesia Group Practice and the University of Chicago Hospital for 1991 medical services. (Docs. 24 and 27). The dischargeability of these debts is not before this Court.

**3.** Section 1329 limits postconfirmation modification to 1) increase or reduce the amount of payments on claims of a particular class provided by the plan; 2) extend or reduce the time for such payments; or 3) alter the amount of the

§ 1329 specifically applies § 1322(b) of the Code permitting that the postconfirmation modification of a Chapter 13 plan may "provide for the payment of all or any part of any claim allowed under section 1305." 11 U.S.C. §§ 1329(b)(1), 1322(b)(6).

Relevant to the case before this Court, § 1305(a)(1) provides that "[a] proof of claim may be filed by any entity that holds a claim against the debtor for taxes that become payable to a governmental unit while the case is pending." Additionally, when filed such a claim is then "allowed or disallowed under § 502." 11 U.S.C. § 1305(b). When proof of a claim is filed in accordance with the Code the "claim is deemed allowed unless a party in interest ... objects." 11 U.S.C. § 502(a). If a party in interest objects to a claim the court determines whether the claim is allowed or disallowed. 11 U.S.C. § 502(b); Fed.R.Bankr.P. 3007. Finally, a discharge granted under § 1328(a), as was granted to the Debtors, discharges "all debts provided for by the plan or disallowed under section 502." 11 U.S.C. § 1328(a).

■ According to this statutory scheme, apart from being a disallowed claim, the discharge of a postpetition debt depends on satisfying two requirements. First, that the postpetition debt is an allowed claim under § 1305, and second, if it is allowed, that the Chapter 13 plan provide for the claim. *In re Smith*, 192 B.R. 712, 713 (Bankr.E.D.Tenn. 1996). To be "provided for" means that for a debt to become dischargeable the plan must make a provision for it, that is deal with it or refer to it. *Matter of Border*, 116 B.R. 588, 594 (Bankr.S.D.Ohio 1990) *citing, In re Gregory*, 705 F.2d 1118, 1122 (9th Cir.1983).

■ Section 1305(a) grants the postpetition creditor exclusive control regarding whether or not to file a proof of claim for a postpetition debt.[4] The debtor may not force a postpetition creditor to file a § 1305(a) claim nor may the Debtor file such a claim on behalf of a postpetition creditor. *In re Hudson*, 158 B.R. 670 (Bankr.N.D.Ohio 1993), *In re Hester*, 63 B.R. 607 (Bankr.E.D.Tenn. 1986) and *In re Sorge*, 149 B.R. 197 (Bankr. W.D.Okla.1993) (cases involving tax creditor claims under § 1305(a)(1)); *In re Benson*, 116 B.R. 606, 608 (Bankr.S.D.Ohio 1990), *In re Glover*, 107 B.R. 579, 581 (Bankr.S.D.Ohio 1989), *In re Goodman*, 136 B.R. 167, 169 (Bankr.W.D.Tenn.1992) (cases involving consumer creditor claims under § 1305(a)(2)). Debtors may not "sidestep" the requirements of § 1305(a) through postconfirmation modification. *In re Glover*, 107 B.R. at 581; *In re Benson*, 116 B.R. at 608; *In re Goodman*, 136 B.R. at 170; *In re Trentham*, 145 B.R. 564, 567 (Bankr.E.D.Tenn.1992). Moreover, an amendment of a debtor's schedules does not operate to avoid the requirements of § 1305. *In re Benson*, 116 B.R. at 608 n. 4; *In re Smith*, 192 B.R. at 713.

In the case before this Court it is undisputed that the IRS did not file a proof of claim for the 1989 income tax debt. Furthermore, no authority has been cited, and this Court could not locate any, which supports the Debtors' argument that "by filing amended proof of claims" the IRS chose to include the postpetition 1989 income tax debt in the Debtors' plan. To the contrary, the statutes and case law concerning the postconfirmation addition of postpetition debt to a Chapter 13 plan dictate otherwise.

■ Simply stated, the Bankruptcy Code's Chapter 13 statutory scheme for postconfirmation plan modification permits the addition of only those § 1305(a) postpetition claims which are allowed under § 502. For a claim to be allowed under § 502 a proof of claim

---

distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than under the plan. 11 U.S.C. § 1329(a).

4. Section 1305, titled "Filing and allowance of postpetition claims," concerns postpetition claims for taxes and consumer debt and provides, in pertinent part,

(a) A proof of claim may be filed by any entity that holds a claim against the debtor—

(1) for taxes that become payable to a governmental unit while the case is pending; or

(2) that is a consumer debt, that arises after the date of the order for relief under this chapter, and that is for property or services necessary for the debtor's performance under the plan.

(b) Except as provided in subsection (c) of this section, a claim filed under subsection (a) of this section shall be allowed or disallowed under section 502.... 11 U.S.C. § 1305(a)–(b).

must be filed. *In re Benson,* 116 B.R. at 608; *In re Glover,* 107 B.R. at 581; *In re Goodman,* 136 B.R. at 170. As noted above, a proof of claim was not filed for the 1989 income tax debt. The Debtors' 1989 income tax debt was not an allowed claim, was not determined to be disallowed, and was not provided for by the Chapter 13 plan. Accordingly, it was not discharged under 1328(a). *In re Smith,* 192 B.R. at 713; *In re Benson,* 116 B.R. at 608; *In re Glover,* 107 B.R. at 581; *In re Goodman,* 136 B.R. at 170.

The Debtors' Motion to Enforce Discharge against the Internal Revenue Service is hereby denied.

**IT IS SO ORDERED.**