**In re Steven Craig GOODMAN, Debtor.**

**Bankruptcy No. 89–10683–B.**

United States Bankruptcy Court,
W.D. Tennessee, W.D.

Jan. 31, 1992.

Lloyd A. Utley, Jackson, Tenn., for debtor.

William Guy, Jackson, Tenn., Chapter 13 Trustee.

Julie C. Chinn, Memphis, Tenn., Asst. U.S. Trustee.

MEMORANDUM OPINION AND ORDER ON DEBTOR'S MOTION TO ADD POSTPETITION CREDITORS AND PAY LESS THAN 100%

WILLIAM H. BROWN, Bankruptcy Judge.

This Chapter 13 debtor filed a motion to modify his confirmed plan pursuant to 11 U.S.C. § 1329 to include a postpetition unsecured creditor in his plan and to pay that creditor the "percentage available" rather than one hundred percent. At the hearing on January 22, 1992, the Court stated oral findings and conclusions and denied the debtor's motion; however, because other Chapter 13 debtors have recently filed similar motions, the Court announced that it would reduce its oral ruling to a written opinion and order. The following contains findings of fact and conclusions of law pursuant to F.R.B.P. 7052, and this contested matter is core pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

### SUMMARY OF FACTS

The debtor filed for Chapter 13 relief on April 26, 1989, and his plan was confirmed on June 14, 1989. The confirmation order provides that "[t]he percentage to be received by unsecured creditors is to be determined by the trustee upon the expiration of the 90 day bar date for the filing of claims," with a separate order being entered on September 21, 1989, fixing the percentage for prepetition unsecured creditors at thirty percent. The debtor on December 12, 1991, filed the present motion to add one postpetition unsecured creditor, a collection agency, for a claim of $223.00, which motion seeks to pay that creditor the "percentage available" to unsecured creditors, presumably thirty percent, rather than one hundred percent. The motion also seeks to "allow [the] added creditor(s) 90 days from the date [of] the order to file proof of claim." [sic]

### CONCLUSIONS OF LAW

■ Section 1329 of the Bankruptcy Code permits, under certain restrictions, the post-confirmation modification of a Chapter 13 plan; however, such modifications are limited by the statute to the following purposes:

    (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

    (2) extend or reduce the time for such payments; or

    (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than under the plan.

11 U.S.C. § 1329(a).

It is obvious from the clear language of this statute than post-confirmation modifications do not contemplate the forced addition of postpetition debts.

■ Section 1322(b)(6) permits a Chapter 13 plan to "provide for the payment of all or any part of any claim allowed under section 1305 of this title." Therefore, it is necessary to look to § 1305 to determine which postpetition claims may be allowed. That Code section is captioned "Filing and allowance of postpetition claims," and subsection (a) of § 1305 provides:

    (a) A proof of claim may be filed by any entity that holds a claim against the debtor—

    (1) for taxes that become payable to a governmental unit while the case is pending; or

    (2) that is a consumer debt, that arises after the date of the order for relief under this chapter, and that is for property or services necessary for the debtor's performance under the plan.

11 U.S.C. § 1305(a).

A reading of this statute makes it obvious that it is within the postpetition creditor's control whether a proof of claim is filed for a postpetition debt. There is no provision in § 1305(a) for the debtor to force a postpetition creditor to file a proof of claim or for the debtor to file a proof of claim on behalf of a postpetition creditor. *See e.g., In re Farquhar*, 112 B.R. 34 (Bankr. D.Colo.1989); *In re Glover*, 107 B.R. 579 (Bankr.S.D.Ohio 1989); *In re Roseboro*, 77 B.R. 38 (Bankr.W.D.N.C.1987). In like manner, the Bankruptcy Rule governing

the debtor's filing of a claim on behalf of a creditor addresses the situation where a creditor fails to file a proof of claim "on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code." F.R.B.P. 3004; *see* also *In re Farquhar,* 112 B.R. at 36.

■■■ The debtor's counsel stated at the hearing that this particular creditor was a collection agency for a medical bill. This Court agrees with the conclusion reached in *In re Pritchett,* 55 B.R. 557, 559 (Bankr. W.D.Va.1985), where that Court stated that postpetition medical services were within the contemplation of the language found in § 1305(a). However, postpetition creditors who chose not to file a proof of claim can not hold an "allowed" postpetition claim and thus may not be "provided for" by the debtor's confirmed plan under § 1322(b)(6). *Id; In re Glover,* 107 B.R. at 581.

■■■ Further, as two Courts have observed, debtors may not "sidestep" § 1305(a)'s requirements through post-confirmation modification under § 1329. *In re Benson,* 116 B.R. 606, 608 (Bankr.S.D.Ohio 1990), *quoting In re Glover,* 107 B.R. at 581. Postpetition creditors can decline to participate in the previously confirmed Chapter 13 plan by not filing a proof of claim, and the debtor can not force or cram down such a creditor's participation through postconfirmation modification. *In re Benson,* 116 B.R. at 609.

■■■ These conclusions are consistent with the discharge provisions found in 11 U.S.C. § 1328(d), which provides:

(d) Notwithstanding any other provision of this section, a discharge granted under this section does not discharge the debtor from any debt based on an allowed claim filed under section 1305(a)(2) of this title if prior approval by the trustee of the debtor's incurring such debt was practicable and was not obtained.

11 U.S.C. § 1328(d).

Obviously, this language requires the debtor, if practicable, to obtain prior approval

from the Chapter 13 Trustee before incurring postpetition consumer debt, if the debtor hopes to obtain a discharge of that debt. Moreover, such a creditor still may not be forced into a Chapter 13 plan unless that creditor consensually files a proof of claim.[1] Too often, this Court is faced with Chapter 13 consumer debtors who incur postpetition debt, both secured and unsecured, without prior approval of the Chapter 13 Trustee or of the Court. And, in further disregard of the Code's provisions as discussed herein, such debtors are frequently attempting to force those postpetition creditors into the confirmed plan by seeking orders adding the creditors and giving the creditors a limited time within which to file claims. Such a procedure gives to the postpetition creditor the false impression that the creditor is required to file a proof of claim, and the Code simply is not so structured. Only postpetition debts which are allowed after the consensual filing by the creditor of a proof of claim are subject to possible discharge in the Chapter 13. 11 U.S.C. § 1305(a); § 1322(b)(6); § 1328(d); *In re Pritchett,* 55 B.R. at 559; *accord, In re Hester,* 63 B.R. 607 (Bankr. E.D.Tenn.1986).

## CONCLUSION

■■■ Based upon the foregoing analysis, this Court must deny this debtor's motion to include a postpetition unsecured creditor to be paid the "percentage available" to unsecured creditors in the previously confirmed plan. In the future, in order for Chapter 13 debtors to add postpetition consumer debt to a confirmed plan, the Court will require a showing by the debtors that they either obtained prior approval from the Chapter 13 Trustee for the incurring of that debt or that prior approval was not practicable. 11 U.S.C. § 1328(d). Further, the Court will only allow the addition of those postpetition creditors if they are paid one hundred percent unless the creditor affirmatively consents to be paid less than one hundred

---

1. The Court does not have before it a question of the application of § 362 or § 1306 to this   postpetition creditor.

percent. In either event, the creditor may not be forced to file a proof of claim, and orders should not be submitted which give the postpetition creditor the impression that it must file a proof of claim. Furthermore, assuming that such a creditor is added and files a proof of claim, the addition of postpetition creditors to a confirmed plan will not be approved if the result will be an adverse effect upon existing creditors in the confirmed plan, unless the debtor first notices all creditors of an opportunity for hearing on post-confirmation modification under § 1329, which notice must clearly advise all creditors of any adverse effects on them by the addition of postconfirmation creditors. *See, e.g., In re Lynch, et al.,* 109 B.R. 792 (Bankr.W.D.Tenn.1989).

SO ORDERED.