**In re John B. TRENTHAM, Jr., Linda F. Trentham, Debtors.**

**Bankruptcy No. 92–31588.**

United States Bankruptcy Court, E.D. Tennessee.

Sept. 28, 1992.

---

Hodges, Doughty & Carson, Deanna J. Daugherty, Thomas H. Dickenson, Knoxville, Tenn., for debtors.

Marcia P. Parsons, Knoxville, Tenn., Chapter 13 Trustee.

## MEMORANDUM ON DEBTORS' MOTION TO ADD CREDITORS AND MODIFY CHAPTER 13 PLAN

RICHARD S. STAIR, Jr., Bankruptcy Judge.

On August 21, 1992, the debtors in this Chapter 13 case filed a "Motion To Add Creditors And To Modify Chapter 13 Plan" (Motion). By this Motion, the debtors seek the following relief: (1) that they be permitted to amend Schedule F to their petition to add nine postpetition creditors holding general unsecured claims totalling $5,362.44;[1] (2) that their plan be modified by extending the life of the plan from forty-eight (48) months to fifty-eight (58) months; and (3) that their plan also be modified by increasing the minimum dividend to general unsecured creditors from four percent (4%) to eight percent (8%).[2] Although not expressly stated in the Motion, the court presumes that the debtors intend that the nine postpetition creditors they seek to add are to be bound by the provisions of their plan, as modified. That is, these nine postpetition creditors are to receive an eight percent (8%) dividend during the remaining life of the plan and their claims are to be discharged by any discharge received by the debtors pursuant to Code § 1328(a).

The debtors' Motion raises issues regarding the status of postpetition consumer debt under § 1305(a)(2) which this court has not previously been asked to address.[3]

---

1. All debts sought to be added arose from postpetition medical bills incurred by the debtor, John B. Trentham, Jr.

2. The confirmed plan provides for creditors holding allowed general unsecured claims to receive a dividend amounting to "4% or for length of time set forth in paragraph 1 [48 months] whichever is greater." Identical language is contained in the proposed modified plan.

3. Subsection (a)(1) of § 1305 relates to the filing of postpetition tax claims. While the treatment of postpetition tax claims and postpetition consumer debt under § 1305 is similar, the focus of this Memorandum is on § 1305(a)(2).

A routine hearing on the Motion held September 23, 1992, upon notice to all creditors, including the nine affected postpetition creditors, produced no opposition. Accordingly, the issues addressed herein are raised by the court *sua sponte.* An evidentiary hearing is not required.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) and (O) (West Supp.1992).

## I

The debtors filed the petition commencing their Chapter 13 case on March 30, 1992. Their Chapter 13 plan, as modified on June 3, 1992, was confirmed on June 9, 1992. The plan requires the debtors to make monthly payments to the trustee in the amount of $481.00 for a period of forty-eight (48) months. General unsecured creditors are to receive a dividend of at least four percent (4%). The plan contains no provision for the payment of postpetition consumer claims allowed under § 1305(a)(2). On August 21, 1992, the debtors filed the Motion initiating this proceeding.

## II

Material to a resolution of the Motion is a consideration of Code §§ 1305, 1322, 1328, and 1329. These sections provide in material part:

**§ 1305. Filing and allowance of post-petition claims.**

(a) A proof of claim may be filed by any entity that holds a claim against the debtor—

. . . .

(2) that is a consumer debt, that arises after the date of the order for relief under this chapter, and that is for property or services necessary for the debtor's performance under the plan.

. . . .

(c) A claim filed under subsection (a)(2) of this section shall be disallowed if the holder of such claim knew or should have known that prior approval by the trustee of the debtor's incurring

the obligation was practicable and was not obtained.

11 U.S.C.A. § 1305 (West 1979).

**1322. Contents of plan.**

. . . .

(b) Subject to subsections (a) and (c) of this section, the plan may—

. . . .

(6) provide for the payment of all or any part of any claim allowed under section 1305 of this title[.]

11 U.S.C.A. § 1322 (West 1979 & Supp. 1992).

**§ 1328. Discharge.**

(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title. . . .

. . . .

(d) Notwithstanding any other provision of this section, a discharge granted under this section does not discharge the debtor from any debt based on an allowed claim filed under section 1305(a)(2) of this title if prior approval by the trustee of the debtor's incurring such debt was practicable and was not obtained.

11 U.S.C.A. § 1328 (West 1979 & Supp. 1992).

**§ 1329. Modification of plan after confirmation.**

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than under the plan.

11 U.S.C.A. § 1329 (West Supp.1992).

■ Code § 1329 permits the postconfirmation modification of a Chapter 13 plan within the limits imposed by the statute. The statute does not contemplate, nor does the unambiguous language permit, post-confirmation modifications forcing the addition of postpetition creditors. *See In re Goodman,* 136 B.R. 167, 169 (Bankr. W.D.Tenn.1992). Clearly, § 1329 cannot be used by debtors as a vehicle to bring post-petition consumer creditors within the ambit of a confirmed Chapter 13 plan.[4]

■ Section 1322(b)(6) permits, but does not require, a debtor to provide in his or her plan for the payment of postpetition consumer claims allowed under § 1305(a)(2). However, it is within the postpetition consumer creditor's control whether a proof of claim is filed for the postpetition debt. The debtor has no standing under § 1305 or the Federal Rules of Bankruptcy Procedure to file a proof of claim on behalf of a postpetition consumer creditor.[5] *See, e.g., In re Farquhar,* 112 B.R. 34 (Bankr.D.Colo.1989); *In re Glover,* 107 B.R. 579 (Bankr.S.D.Ohio 1989); *In re Roseboro,* 77 B.R. 38 (Bankr.W.D.N.C. 1987); *In re Rothman,* 76 B.R. 38 (Bankr. E.D.N.Y.1987); *In re Dickey,* 64 B.R. 3 (Bankr.E.D.Va.1985).

Judge Lundin, in his treatise, makes the following statement regarding postpetition claims:

11 U.S.C. § 1322(b)(6) permits the debtor to provide for the payment of postpetition claims under § 1305. If the debtor incurs a postpetition debt of the sort described in § 1305 and if the postpetition claim holder files a proof of claim,

the debtor's plan must provide for payment of that postpetition claim under § 1322(b)(6) or the plan must be modified to handle the postpetition claim. There is some incentive to always make provision for the possibility of postpetition claims in the original plan because modification of a confirmed plan to provide for payment of postpetition claims is not always permitted.

Providing for the payment of allowed postpetition claims in the plan may not accomplish very much for the debtor. If the holder of a § 1305 postpetition claim declines to file a proof of claim, the postpetition debt is not an allowed claim, it cannot be paid through the plan, and it is not subject to discharge at completion of payments under the plan. However, to protect the debtor and best position the debtor to deal with a postpetition claim, the plan should always describe how postpetition claims will be paid.

K. Lundin, *Chapter 13 Bankruptcy,* § 4.75, p. 4–108 (1990) (footnotes omitted).

Judge Lundin suggests that a debtor desiring to provide for postpetition claims had best do so within the context of his or her Chapter 13 plan prior to confirmation because modification of a confirmed plan may or may not be permitted. As previously noted, this court has determined that § 1329 cannot be utilized to modify a plan postconfirmation except within the limits provided by the statute. *See In re Benson,* 116 B.R. 606, 608 (Bankr.S.D.Ohio 1990) ("[T]he debtor may not sidestep the requirements of § 1305 through the mechanism of modifying his chapter 13 plan after confirmation.").

This court finds noteworthy the following discussion by Bankruptcy Judge William A. Clark in the *Benson* decision regarding the role played by § 1305(a)(2) within the context of Chapter 13 generally:

---

**4.** Section 1329 is, of course, available to a debtor seeking to modify a provision in a confirmed Chapter 13 plan for the classification and payment of postpetition claims allowed under § 1305.

**5.** Fed.R.Bankr.P. 3004 authorizes the debtor or trustee to file a proof of claim within 30 days

after expiration of the claims bar date on behalf of a creditor where the creditor has failed to file a claim "on or before the first date set for the meeting of creditors called pursuant to § 341 of the Code." This rule does not address postpetition claims.

In a chapter 13 proceeding, a major objective of the bankruptcy law is to enable a debtor, who is unable to meet his financial obligations, to restructure his financial affairs by adjusting his debts either by way of composition or extension so that he may be relieved of intolerable financial pressure. Following the confirmation process, the debtor essentially emerges with the contracts between himself and his creditors having been rewritten as evidenced by his proposed plan and the confirmation order. However, the court-approved compact between the debtor and his prepetition creditors does not shield him from his postpetition dealings in the world. In this regard a chapter 13 debtor should be subject to the same financial consequences of his everyday actions as a nondebtor. It would be inequitable to permit a debtor to use his chapter 13 plan as a dragnet to sweep ensnared postpetition claimants into his plan and then to either extend their payment schedules or pay them a fraction of the original claim. Not only would the postpetition claimants be harmed, but the claimants provided for in the initial confirmation order might also be prejudiced.

Congress has recognized a danger to a chapter 13 plan's performance and the existing creditors if debtors are permitted to incur unnecessary debt after the filing of a chapter 13 petition. As a result, § 1305(c) provides that a holder of a § 1305(a)(2) claim will have its claim disallowed if the holder knew or should have known that prior approval by the chapter 13 trustee of the debtor's incurring the obligation was practicable and was not obtained....

Congress has also recognized that a debtor may encounter unforeseen circumstances which, unless the debtor is able to obtain postpetition credit, threaten the performance of the chapter 13 plan. As a result, § 1305 sanctions the extension of *consumer* credit to a chapter 13 debtor where the property or services are necessary for the debtor's performance under the plan and the trustee's prior approval was obtained, if practicable. The thrust of § 1305 is to provide a potential creditor, who might not otherwise extend credit, the *opportunity* to share in the distributions of a chapter 13 plan....

However ... the postpetition creditor does not have to accept the opportunity to participate in plan distributions. If the potential creditor does not elect to participate in the plan, he may face up to a five year delay in enforcing any claim against the debtor's assets because the debtor's future earnings and property acquired postpetition by the debtor are part of his chapter 13 estate. Nevertheless, the court perceives no statutory basis nor congressional intent to force a postpetition claimant, whether he knew of the debtor's chapter 13 proceeding or not, into the chapter 13 plan.

116 B.R. at 608–9 (footnote omitted; emphasis in original).

It is, however, not enough to understand the role played by § 1305 within the scheme of Chapter 13. The ultimate objective of any debtor filing a petition under Chapter 13 is the realization of the fresh start obtained through the granting of the discharge upon completion of all payments under the plan. This discharge is limited to "all debts provided for by the plan." 11 U.S.C.A. § 1328(a) (West Supp.1992). Further, notwithstanding that the plan provides for the payment of postpetition consumer debt and that an allowed claim is filed under § 1305(a)(2), such debt will not be discharged "if prior approval by the trustee of the debtor's incurring such debt was practicable and was not obtained." 11 U.S.C.A. § 1328(d) (West 1979).

■ Thus, if the debtor is to obtain a discharge of a postpetition consumer debt, two prerequisites are mandated by § 1328: (1) the debt must be provided for by the plan, *i.e.*, "the plan must make a provision for it, *i.e.*, deal with it, or refer to it" (*In re Gregory*, 705 F.2d 1118, 1122 (9th Cir. 1983)); and (2) if "practicable," prior approval by the trustee of the debtor's incurring such debt must have been obtained. Further, the postpetition consumer debt still will not be discharged unless the creditor voluntarily chooses to file a proof of claim. The efforts of some debtors who seek to modify their confirmed plans to add postpetition creditors, to fix or extend bar

dates by which postpetition creditors must file claims, and to bind postpetition creditors to the terms of an existing plan are inappropriate and, in fact, may be misleading to those creditors holding postpetition consumer claims.

In sum, the court will reiterate what it believes the Bankruptcy Code mandates if postpetition consumer debts are to be discharged: (1) the confirmed plan must classify and provide for payment of all or part of any postpetition consumer claim allowed under § 1305(a)(2); (2) the debtor and/or prospective postpetition consumer creditor, if practicable, must obtain the trustee's approval before the debt is incurred;[6] (3) if prior approval is not obtained, the postpetition consumer creditor must establish that it did not know that prior approval by the trustee of the debtor's incurring the obligation was practicable; and (4) the postpetition creditor must file a proof of claim.

While Code § 1329 does not permit the forced addition of postpetition consumer creditors to a confirmed plan, such debts may realistically be anticipated in the lives of debtors whose plans extend anywhere from three to five years. This is especially true with regard to medical bills.[7] The court also recognizes that in formulating Chapter 13 plans the primary focus of debtors and their attorneys is properly on pressing prepetition debt and not on unanticipated postpetition debt. For this reason, Chapter 13 plans in this court's Northern and Northeastern Divisions historically have not contained provisions authorizing the payment of postpetition claims allowed under § 1305(a)(2). The court, however, encourages attorneys to be cognizant of the provisions of Code §§ 1305(a)(2) and 1322(b)(6) in assisting their clients in formulating future plans.

creditors and to bring these creditors within the purview of their confirmed plan for discharge purposes must be denied. The court, however, notwithstanding the failure of these and other debtors to include a provision in their plans authorizing the payment of postpetition consumer debt under § 1305(a)(2), will adopt the approach utilized by Bankruptcy Judge William Houston Brown in his decision in *In re Goodman.* From this date forward, for Chapter 13 debtors to add postpetition consumer debt to a confirmed plan, the court will require a showing that the debtors and/or prospective postpetition consumer creditors either obtained prior approval from the Chapter 13 trustee for the incurring of that debt or that prior approval was not practicable. 11 U.S.C.A. §§ 1305(c) and 1328(d) (West 1979). Further, the court will only allow the addition of those postpetition consumer creditors if they are to be paid 100% unless the creditor affirmatively consents to be paid less than 100%. Under no circumstance will the creditor be forced to file a proof of claim and orders should not be submitted to the court which give a postpetition consumer creditor the impression that it must file a proof of claim. Assuming that such a postpetition consumer creditor is added and files a proof of claim, the addition of postpetition creditors to the confirmed plan will not be approved if the result will adversely impact existing prepetition creditors holding allowed claims, unless the debtors have complied with those procedures required by this court's General Order No. 92–2 entitled "Procedure In Chapter 13 Cases For Post Confirmation Plan Modification Under 11 U.S.C. § 1329."

### III

■■■ Based upon the above, the debtor's motion to add the nine postpetition

---

**6.** Realistically, both the debtor and prospective postpetition creditor should be involved in this process.

**7.** Medical bills are clearly within the purview of § 1305(a)(2). H.R. No. 595, 95th Cong., 1st Sess. 427–428 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6383. *See In re*

*Pritchett,* 55 B.R. 557, 559 (Bankr.W.D.Va.1985). Further, bankruptcy courts have little difficulty in finding that medical treatment is generally immediately necessary and that prior approval for incurring such debt is not practicable. *See, Id.; In re Thornton,* 21 B.R. 462, 464 (Bankr. W.D.Va.1982).