**In re Gerri Lynn Perkins HAITH, Debtor.**

**Bankruptcy No. 94–00118–BGC–13.**

United States Bankruptcy Court, N.D. Alabama, Southern Division.

June 23, 1995.

Cheryl Daugherty, Birmingham, Alabama, for Debtor.

Richmond Stephens, Leeds, Alabama, for Movant.

**Order Denying
Amendment to Schedules and Motion to
Modify
and
Order Sustaining
Objection to Amendment to Schedules and
Motion to Modify
Filed by Wayne–Dalton Corp.**

BENJAMIN COHEN, Bankruptcy Judge.

This matter is before the Court on an *Amendment to Schedules and Motion to*

*Modify* filed by the Debtor on April 10, 1995 and on an *Objection to Amendment to Schedules and Motion to Modify* filed by Wayne–Dalton Corp. on April 21, 1995. After notice, a hearing was held on June 13, 1995. Gerri Lynn Perkins Haith, the Debtor; Cheryl Daugherty, the attorney for the Debtor; Raymond Rodgers, a representative of Wayne–Dalton Corp.; and Richmond Stephens, the attorney for Wayne–Dalton Corp.; appeared. The matter was submitted on the testimony of the Debtor and Mr. Rodgers, exhibits admitted at trial and arguments of counsel.

### Issue

The Debtor asks the Court to allow her to include a post-petition debt in her existing chapter 13 plan. The creditor of the debt objects. The issue is if the subject debt is a post-petition debt and the subject creditor objects, should a debtor be allowed to include a post-petition debt in an existing Chapter 13 plan.

### Conclusions of Law

■ The Court's rendition of the particular facts of this case is not necessary to reach a decision in this matter. The parties agree that the subject debt is a debt that arose after the filing of the bankruptcy and after the existing chapter 13 plan was confirmed. Based on this agreement and based on the recognized prohibition of including post-petition debts in existing chapter 13 plans where affected creditors object, the Court finds as a matter of law that the Debtor's Amendment to Schedules and Motion to Modify are due to be denied and Wayne–Dalton Corporation's Objection to Amendment to Schedules and Motion to Modify is due to be sustained.

■ Section 1305 of the Bankruptcy Code governs the filing and allowance of post-petition claims. Section 1305(b) reads in part, "Except as provided in subsection (c) of this section, a claim *filed under subsection (a) of this section* shall be allowed or disallowed...." 11 U.S.C. § 1305(b) (emphasis added). Consequently only post-petition debts for which *a claim has been filed* may

be allowed or disallowed in a chapter 13 plan. Section 1305(a) reads in part, "A proof of claim may be filed by any *entity that holds a [post-petition] claim* against the debtor...." 11 U.S.C. § 1305(a) (parenthetical added) (emphasis added). Consequently *only the holder of a post-petition debt may file the proof of claim* for that debt.

■ If a debtor or the trustee could file proofs of claims for post-petition debts that would be paid through existing chapter 13 plans, the cases and the plans they represent would be perpetual. Neither the Bankruptcy Code nor the Bankruptcy Rules allows a debtor to force a post-petition creditor into an existing chapter 13 plan. If a post-petition creditor desires to participate in the existing plan, and meets other criteria, a post-petition claim may be filed with and, depending on the facts, allowed or disallowed by the Court.

■ At least two treatises agree with this interpretation of section 1305 and its relationships with other sections of the Bankruptcy Code and the Bankruptcy Rules.[1] But more importantly other bankruptcy courts have reached the same conclusion. Two recent and well written opinions analyze the language of the Bankruptcy Code sections that touch on this subject. Judge William H. Brown for the Bankruptcy Court in the Western District of Tennessee wrote:

Section 1329 of the Bankruptcy Code permits, under certain restrictions, the postconfirmation modification of a Chapter 13 plan; however, such modifications are limited by the statute to the following purposes:

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment

---

1. David G. Epstein, et al., Bankruptcy § 9–4 at 615–616 (1992); Hon. Keith M. Lundin, Chapter

13 Bankruptcy § 7.38 at 7–103—7–104 (1994).

of such claim other than under the plan.

11 U.S.C. § 1329(a).

It is obvious from the clear language of this statute that post-confirmation modifications do not contemplate the forced addition of postpetition debts.

Section 1322(b)(6) permits a Chapter 13 plan to "provide for the payment of all or any part of any claim allowed under section 1305 of this title." Therefore, it is necessary to look to § 1305 to determine which postpetition claims may be allowed. That Code section is captioned "Filing and allowance of postpetition claims," and subsection (a) of § 1305 provides:

  (a) A proof of claim may be filed by any entity that holds a claim against the debtor—

  (1) for taxes that become payable to a governmental unit while the case is pending; or

  (2) that is a consumer debt, that arises after the date of the order for relief under this chapter, and that is for property or services necessary for the debtor's performance under the plan.

11 U.S.C. § 1305(a).

A reading of this statute makes it obvious that it is within the postpetition creditor's control whether a proof of claim is filed for a postpetition debt. There is no provision in § 1305(a) for the debtor to force a postpetition creditor to file a proof of claim or for the debtor to file a proof of claim on behalf of a postpetition creditor. See e.g., *In re Farquhar*, 112 B.R. 34 (Bankr. D.Colo.1989); *In re Glover*, 107 B.R. 579 (Bankr.S.D.Ohio 1989); *In re Roseboro*, 77 B.R. 38 (Bankr.W.D.N.C.1987). In like manner, the Bankruptcy Rule governing the debtor's filing of a claim on behalf of a creditor addresses the situation where a creditor fails to file a proof of claim "on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code." F.R.B.P. 3004; see also *In re Farquhar*, 112 B.R. at 36.

*In re Goodman*, 136 B.R. 167, 169–170 (Bankr.W.D.Tenn.1992). Judge Richard S. Stair for the Bankruptcy Court in the Eastern District of Tennessee, wrote:

Code § 1329 permits the postconfirmation modification of a Chapter 13 plan within the limits imposed by the statute. The statute does not contemplate, nor does the unambiguous language permit, postconfirmation modifications forcing the addition of postpetition creditors. See *In re Goodman*, 136 B.R. 167, 169 (Bankr.W.D.Tenn. 1992). Clearly, § 1329 cannot be used by debtors as a vehicle to bring postpetition consumer creditors within the ambit of a confirmed Chapter 13 plan.

Section 1322(b)(6) permits, but does not require, a debtor to provide in his or her plan for the payment of postpetition consumer claims allowed under § 1305(a)(2). However, it is within the postpetition consumer creditor's control whether a proof of claim is filed for the postpetition debt. The debtor has no standing under § 1305 or the Federal Rules of Bankruptcy Procedure to file a proof of claim on behalf of a postpetition consumer creditor. See, e.g., *In re Farquhar*, 112 B.R. 34 (Bankr. D.Colo.1989); *In re Glover*, 107 B.R. 579 (Bankr.S.D.Ohio 1989); *In re Roseboro*, 77 B.R. 38 (Bankr.W.D.N.C.1987); *In re Rothman*, 76 B.R. 38 (Bankr.E.D.N.Y. 1987); *In re Dickey*, 64 B.R. 3 (Bankr. E.D.Va.1985).

*In re Trentham*, 145 B.R. 564, 567 (Bankr. E.D.Tenn.1992) (footnote omitted) [2]. About ten years earlier, in a short but precise opinion, Judge L. Chandler Watson of this Court reached the same conclusion based on facts that:

debt arose subsequent to the filing of the debtor's petition which initiated this case, in view of the statements in the debtor's Chapter 13 statement and the fact that this conclusion was not contradicted at said hearing, after the bankruptcy judge expressed the view that the debt in question appeared to be a post-petition debt.

**2.** The Court notes, "Fed.R.Bankr.P. 3004 authorizes the debtor or trustee to file a proof of claim within 30 days after expiration of the claims bar date on behalf of a creditor where the creditor

has failed to file a claim on or before the first date set for the meeting of creditors called pursuant to § 341 of the Code." This rule does not address postpetition claims. *Id.* at 567 n. 5.

*In re Bledsoe,* 26 B.R. 230 (Bankr.N.D.Ala. 1982).[3]

Based on the parties' agreement that the subject debt is a post-petition debt, the Court finds that the Debtor's amendment and motion are due to be denied and the creditor's objection is due to be sustained, as a matter of law.

It is therefore **ORDERED, ADJUDGED AND DECREED** that the *Amendment to Schedules and Motion to Modify* filed by the Debtor is hereby **DENIED** and that the *Objection to Amendment to Schedules and Motion to Modify* filed by Wayne–Dalton Corp. is hereby **SUSTAINED.**

---

**3.** The Debtor analogizes her situation to the curing of mortgage which was the subject of *In re Hoggle,* 12 F.3d 1008 (11th Cir.1994). *Hoggle* involved the curing of a default in a prepetition debt not the addition of an unrelated postpetition debt.