In re Riley T. SIMS and Deborah Ann Sims, Debtors.

No. 01–4546–WRS.

United States Bankruptcy Court, M.D. Alabama.

Jan. 28, 2003.

Collier H. Espy Jr., Dothan, AL, for Debtors.

Curtis C. Reding, Montgomery, AL, trustee.

### Memorandum Decision

#### WILLIAM R. SAWYER, Chief Judge.

### I. Introduction

In this Chapter 13 case the Debtors seek to modify their Chapter 13 Plan by adding certain indebtedness which were incurred after the date of the petition. (Doc. 20). The Court held a hearing on the application on December 4, 2002, at the United States Bankruptcy Court, Dothan, Alabama. Curtis C. Reding, Trustee, and Collier H. Espy, Jr., Attorney for the Debtors, were present at the hearing. Prior to the hearing, counsel for the debtors served a copy of the Application together with the order setting hearing upon all creditors. (Doc. 24). No creditors appeared at the December 4, 2002 hearing, and no objections to the Application have been filed with the Court.

At the hearing, the Court orally granted the Debtors' Application and requested that counsel for the Debtors prepare a proposed order for the Court.[1] For the reasons set forth below, the Court declines to use the order submitted by counsel and holds that post-petition creditors are not required to file proofs of claim and participate in the Chapter 13 plan.[2] In the view of the undersigned, the proposed order

---

1. The Court erroneously entered a form order approving the Application on January 17, 2003. (Doc. 26). That order was vacated by order dated January 28, 2003. (Doc. 27).

2. The terms "pre-petition" and "post-petition" are not defined in the Bankruptcy Code. Section 1305(a)(2) deals with debts that arise while the Chapter 13 case is pending. 11 U.S.C. § 1305(a)(2). Such debts are commonly referred to as post-petition debts. Conversely, debts which arise prior to the date of the petition in bankruptcy are referred to as pre-petition debts. For purposes of discussion, the Court will refer to these debts as either pre-petition or postpetition notwith-

exceeds that which may be accomplished by a Chapter 13 plan as it relates to indebtedness which arises after the date of the petition in bankruptcy. The Court writes to explain its rationale.

## II. Chapter 13 Generally

█ In general terms, Chapter 13 of the Bankruptcy Code provides a framework for wage earners to reorganize their affairs. 11 U.S.C. § 109(e). With only the narrow exception provided by Section 1305, which will be discussed in some detail below, the only debts included in the reorganization are those in existence as of the time the petition in bankruptcy is filed. *See* 11 U.S.C. § 1305(a).

█ To be eligible for relief under Chapter 13, a debtor must meet the requirements of Section 109(e) and file a plan which proposes a payment structure for adjusting his debts either by composition or extension over a period of time not to exceed five years. 11 U.S.C. §§ 109(e), 1321, 1322. Pursuant to Section 1322, the plan must provide for full payment of certain priority claims and may provide for less than 100% payment on other classes of claims. 11 U.S.C. § 1322. Following confirmation, the rights of the creditors are fixed as the plan provides and "the debtor essentially emerges with the contracts between himself and his creditors having been rewritten as evidenced by his proposed plan and confirmation order." *In re Benson*, 116 B.R. 606, 608 (Bankr. S.D.Ohio, 1990); *see* 11 U.S.C. § 1327(a). At the completion of the plan, all debts "provided for" by the plan or "disallowed" are discharged. 11 U.S.C. § 1328(a).

## III. Conclusions of Law

The Debtors have moved to modify their confirmed Chapter 13 plan to include certain post-petition medical debts. (Doc. 20).

standing the fact that the Bankruptcy Code

Their plan proposes to pay all unsecured claims a pro rata amount equal to 2.66% of the claim. Debtors contend that these post petition medical debts are of the sort contemplated by Section 1305, are unexpected expenses, and that these creditors bear the burden of filing claims and participating in the distribution under the plan. (Doc. 20). *See* 11 U.S.C. §§ 1305(a)(2); 1322(b)(6). A careful examination of the relevant provisions of the Bankruptcy Code proves otherwise.

### A. Post–Petition Medical Debts are Contemplated by Section 1305(a)

Section 1305(a) provides for the filing and allowance of two types of post-petition claims and reads as follows:

(a) A proof of claim may be filed by any entity that holds a claim against the debtor—

(1) for taxes that become payable to a governmental unit while the case is pending; or

(2) that is a consumer debt, that arises after the date of the order for relief under this chapter, and that is for property or services necessary for the debtor's performance under the plan.

11 U.S.C. § 1305(a). Section 1305(c) further provides that a claim filed under Section (a)(2) will be disallowed "if the holder of such claim knew or should have known that prior approval by the trustee of the debtor's incurring the obligation was practicable and was not obtained." 11 U.S.C. § 1305(c).

█ The legislative history cites two examples of the type of post-petition expenses for which Section 1305(a)(2) was enacted: "auto repairs in order that the debtor will be able to get to work, or

does not use these terms.

medical bills." H.R.Rep. No. 595, 95th Cong., 1st Sess. 427–28 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6383. Moreover, courts regularly have found that medical expenses are covered by Section (a)(2). *See e.g., In re Goodman,* 136 B.R. 167, 170 (Bankr.W.D.Tenn., 1992); *In re Trentham,* 145 B.R. 564, 569 n. 7 (Bankr. E.D.Tenn.1992); *In re Pritchett,* 55 B.R. 557, 559 (Bankr.W.D.Va.1985). This section is meant to provide for debts which, though not expected, may be anticipated over the life of the plan. *See In re Trentham,* 145 B.R. at 569. Further, the debts incurred must be *"necessary for the debtor's performance* under the plan." 11 U.S.C. § 1305(a) (emphasis added).

■ The Court finds that the medical bills at issue in the instant case are within the purview of Section 1305(a). The record shows that the expenses were incurred during the pendency of the case for necessary medical services provided to Mrs. Sims.[3] The treatment was essential to Mrs. Sims' ability to perform under the plan. Further, the Court finds that the medical treatment provided was immediately necessary and prior approval of the Trustee was not practicable. *See* 11 U.S.C. § 1305(c); *In re Trentham,* 145 B.R. at 569 n. 7.

### B. Post–Petition Creditors Cannot be Forced into Existing Chapter 13 Plan

■ Having determined that the debts at issue in this case are of the type which are contemplated by Section 1305, the Court must now examine whether the holders of the claims are required to file proof of those claims and participate in the existing Chapter 13 plan. For the reasons set forth below, the Court finds that the permissive language in Section 1305(a)

gives the holder of a post-petition claim the election of whether it wishes to participate in the Chapter 13 proceeding.

### 1. Modification of a Confirmed Plan

■ Section 1329 of the Bankruptcy Code governs the circumstances in which a debtor may amend a confirmed Chapter 13 plan. 11 U.S.C. § 1329. "It is obvious from the clear language of this statute that post-confirmation modifications do not contemplate the forced addition of postpetition debts." *In re Haith,* 193 B.R. 341, 343 (Bankr.N.D.Ala.1995) (citing *In re Goodman,* 136 B.R. 167, 169–70 (Bankr. W.D.Tenn.1992)). Rather, Section 1322(b)(6) of the Code permits a debtor to "provide for the payment of all or any part of any *(post-petition)* claim allowed under section 1305." 11 U.S.C. § 1322(b)(6) (parenthetical added).

### 2. Only Allowed Claims may be "Provided For"

As stated above, Section 1322(b)(6) permits a debtor to provide for allowed claims. From this, it follows that claims which are not allowed pursuant to Section 1305, are not "provided for" within the meaning of Section 1322. Reading these two statutory provisions together, it becomes apparent that allowed claims may be provided for and therefore ultimately discharged on the completion of the plan. Conversely, claims which are not allowed are not provided for by the plan and will not be discharged at completion.

### 3. Claims Which Are Not Filed Are Not Allowed

■ An examination of Section 1305 makes it clear that "only post-petition debts for *which a claim has been filed* may be allowed or disallowed in a chapter 13

---

**3.** These expenses specifically relate to diagnostic biopsies for breast cysts. *See* Doc. 25

(statement of the debtors and letter to the court).

plan." *In re Haith*, 193 B.R. at 342 (emphasis in original); *see* 11 U.S.C. § 1305(b). Section 1305(b) states in relevant part, "Except as provided in subsection (c) of this section, a claim filed under subsection (a) of this section shall be allowed or disallowed under section 502 of this title." 11 U.S.C. § 1305(b). If no claim is filed, the debt cannot be allowed.

### 4. The Post–Petition Creditor Elects Whether to File a Proof of Claim

■ Further, the permissive language in subsection (a) of this provision shows that the post-petition creditor, and not the debtor, controls whether to file a proof of claim for the post-petition debt. *See* 11 U.S.C. § 1305(a) ("A proof of claim *may* be filed by any entity that holds a claim against the debtor . . .") (emphasis added). The statute's use of the word *may* does not "support an inference that an entity must file a proof of claim for a postpetition claim; the provision is obviously permissive." *In re Benson*, 116 B.R. 606, 607 (Bankr.S.D.Ohio 1990). As Judge Cohen explains in *In re Haith*,

> If a debtor or the trustee could file proofs of claims for post-petition debts that would be paid through existing chapter 13 plans, the cases and the plans they represent would be perpetual. Neither the Bankruptcy Code nor the Bankruptcy Rules allows a debtor to force a post-petition creditor into an existing chapter 13 plan. If a post-petition creditor desires to participate in the existing plan, and meets other criteria, a post-petition claim may be filed with and, depending on the facts, allowed or disallowed by the Court.

*In re Haith*, 193 B.R. at 342; *see e.g., In re Trentham* 145 B.R. 564, 567 (Bankr. E.D.Tenn.1992); *In re Goodman*, 136 B.R. 167, 169–70 (Bankr.W.D.Tenn.1992); *In re*

*Pritchett*, 55 B.R. 557, 559–60 (Bankr. W.D.Va.1985); *In re Nelson*, 27 B.R. 341, 345 (Bankr.Ga.1983).

### IV. Application to the Instant Case

■ In the instant case, Debtors seek to amend their confirmed Chapter 13 plan pursuant to Section 1329. However, as several other courts have observed, "debtors may not 'sidestep' § 1305(a)'s requirements through post-confirmation modification under § 1329." *In re Goodman*, 136 B.R. at 170 (citations omitted). Having determined that section 1305(a) gives the post-petition creditor the election of whether to participate in a previously confirmed Chapter 13 plan, the debtors cannot attempt to force those creditors into the confirmed plan by seeking an order adding the debts to the plan and requiring the creditors to file a claim within a specified period of time. "Such a procedure gives to the postpetition creditor the false impression that the creditor is required to file a proof of claim, and the Code simply is not so structured." *Id.*

Here, Debtors seek to add the debts of five post-petition creditors to their Chapter 13 plan and give those post-petition creditors ninety days to file a proof of claim. Further, the Debtors seek to "disallow" any claim filed after that time. Debtors seek to pay these creditors pursuant to the terms of their plan, which provides that all unsecured claims be paid at a pro rata amount equal to 2.66% of the claim. This relief is inconsistent with the relevant provisions of the Bankruptcy Code. In essence, the Debtors are attempting to force the post-petition creditors to file a claim and accept an amount equal to 2.66% of their claim, or be "disallowed" and receive nothing on the claim. However, these creditors are not so limited by the provisions of the Bankruptcy Code. Under the Code, they may elect not to file a claim under Section 1305, waive partic-

ipation in the instant plan, and seek to recover against the debtor after the Chapter 13 case is closed.

### V.  Conclusion

For the reasons set forth above, the Court DENIES the Debtors' Application to Add Post–Petition Medical Debts to the Chapter 13 Proceeding inasmuch as it seeks to force the post-petition creditors into the existing plan.  The Application is GRANTED in that these post-petition creditors may elect to participate in the existing plan.  That election is theirs alone and the Debtors may not require their participation.

Further, the Court declines to use the proposed order submitted by the Debtors because it gives the impression that the post-petition creditors must file a proof of claim.  That impression is patently false and such orders should not be submitted to the Court in the future.  The Court will enter its own order by way of a separate document.

*Order Approving in Part and Denying in Part Debtors' Application to Add Post–Petition Medical Debts to Chapter 13 Proceeding*

For the reasons set forth in the Court's memorandum decision of this date, it is

ORDERED that Debtors' Application to Add Post–Petition Medical Debts to Chapter 13 Proceeding (Doc. 20) is APPROVED in part.  The specified claims, which arose after the date of the petition in bankruptcy, may be added to the Chapter 13 plan if the holders of those claims elect to file a proof of claim and participate in the distribution.  The Debtors may not require their participation in the existing Chapter 13 plan.