**In re Sharon Thompson HOLMES, Debtor.**

No. 02–37004–WHB.

United States Bankruptcy Court,
W.D. Tennessee.

July 12, 2004.

Mr. Irving Zeitlin, for Debtor.

Ms. Monica Simmons, for Assistant United States Attorney.

Mr. George Emerson, Chapter 13 Trustee.

**OPINION AND ORDER ON MOTION SEEKING DISMISSAL OR ALTERNATIVELY, MODIFICATION OF THE PLAN TO PROVIDE FOR REPAYMENT OF PREPETITION AND POSTPETITION TAXES AND COMPELLING DEBTOR TO FILE DELINQUENT FEDERAL TAX RETURNS**

WILLIAM H. BROWN, Bankruptcy Judge.

This matter is before the Court on the Internal Revenue Service's ("IRS") motion

seeking dismissal of this case based on the accrual of postpetition federal income tax debt, and the alleged failure of the Debtor to make adequate plan provision for the repayment of prepetition tax debt. Alternatively, the IRS seeks modification of the Debtor's Chapter 13 plan to provide for the postpetition tax claim pursuant to 11 U.S.C. §§ 1305(a)(1), 1322(b)(6), and 1329, and also to provide for its prepetition tax claim. In addition, the IRS seeks an order compelling the Debtor to file delinquent income tax returns for tax years 2000 and 2001, but that portion of the IRS's motion has been resolved with the entry of the parties' consent order directing the Debtor to file the delinquent returns on or before July 13, 2004.

The IRS alleges a claim for prepetition tax debt in the amount of $13,629.98, consisting of an unsecured priority claim of $10,700 and an unsecured, general claim of $2,929.98 [1]. The Debtor does not dispute this claim for prepetition taxes, and the Court entered an Order to Pay Internal Revenue Service on March 25, 2004, directing the Debtor to pay the $10,700 unsecured priority claim through her Chapter 13 plan at a rate of $233 per month.

The only issue remaining in the motion concerns taxes due for the 2002 tax year, and that issue is addressed in this Opinion. The Debtor filed her Chapter 13 petition, which commenced this case, on October 10, 2002. The IRS claims that the Debtor incurred liability of $4,755.07 for the 2002 tax year, and that this debt should be deemed a postpetition tax debt entitled to full payment and interest, if it is to be paid under the Chapter 13 plan. The IRS has not at this time filed a claim for the postpetition tax debt pursuant to § 1305(a),

and the claim has therefore not yet been allowed. It may be that the IRS will not voluntarily file a claim for the 2002 taxes unless the Debtor agrees to pay those taxes in full with statutory interest under 26 U.S.C. § 6621–2.

Section 1322(b)(6) states that a Chapter 13 plan may provide for the payment of claims allowed under § 1305. Section 1305(a) permits, but does not require, a postpetition creditor to file a proof of claim. If such a claim is filed by the creditor, it is "allowed or disallowed under § 502 'as if such claim had arisen before the date of the filing of the petition.'" KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY 3D ED. § 350–1 (2002) (quoting 11 U.S.C. § 1305(b)). Assuming a claim is filed for a postpetition debt, if the plan provides for payment, in whole or part, of an allowed postpetition claim, the debt is treated by the plan for purposes of discharge under § 1328(a), since that section governs "all debts provided for by the plan or disallowed under section 502," with certain exceptions noted in § 1328(a), none of which are applicable here. *Id.* (quoting 11 U.S.C. § 1328(a)).

This Court has previously observed in its opinion, *In re Goodman,* 136 B.R. 167 (Bankr.W.D.Tenn.1992), that a postpetition creditor may not be forced into a Chapter 13 plan. The structure of the Code, as recognized in *Goodman,* leads typically to a postpetition creditor not filing a claim unless the Debtor agrees to treat that claim at 100% payment. In view of the IRS not yet having filed a claim and seeking in its motion that the Debtor include the postpetition debt at full payment plus interest, the Court can only conclude that the IRS does not intend to file its claim

---

1. An administrative order allowing the IRS's general, unsecured claim for $2,929.98 was

entered on March 25, 2004.

absent the Debtor's amendment of the plan accordingly.

■ The Debtor's plan in this case does not provide for payment of the Debtor's 2002 tax debt. Even though the Debtor's 2002 tax return was not due until April 15, 2003, the Debtor contends that the tax should be prorated or "split" based on the October date of the filing of the bankruptcy petition, with 9/12 of the 2002 amount owed to be deemed a prepetition tax debt, and the remaining 3/12 of the 2002 tax debt considered a postpetition liability.

Although there is some logic in the Debtor's proration theory, it has ultimately been rejected by other courts addressing this or similar issues. In *In re Ryan*, 78 B.R. 175 (Bankr.E.D.Tenn.1987), the Debtors filed their Chapter 13 petition in September, 1981, and an issue arose as to the dischargeability of income taxes for that year under § 1305(a)(1), which provides that the IRS may file a claim for taxes "that become payable ... while the case is pending." The court stated:

> Arguably the 1981 taxes should be split into prepetition and postpetition portions. The court, however, is of the opinion that the 1981 taxes should be treated as postpetition taxes under § 1305(a)(1) ... The 1981 taxes ... were not due until 1982 and neither was the debtors' 1981 tax return. The Commission on Bankruptcy Laws explained taxes that 'become payable' during a case as a broader category than taxes that 'become owing' during a case. 'Become owing' appears to mean incurred during a case. 'Become payable,' however, should include the 1981 taxes since neither the taxes nor the return were due until after filing of the chapter 13 petition .... Furthermore, this is the easiest practical way to deal with income tax for the year of filing of the chapter 13 petition.

*Id.* at 183–84. *See also Dixon v. I.R.S. (In re Dixon),* 218 B.R. 150 (10th Cir. BAP 1998)(taxes for petition year "became payable" as of the day after the tax year ended), and *U.S. v. Ripley (In re Ripley),* 926 F.2d 440 (5th Cir.1991)(taxes became payable postpetition, on April 15th, when the debtors' tax return was due).

■ This Court believes that the holdings found in *Ryan, Dixon* and *Ripley* represent the correct line of reasoning, and adopts the position that the federal income tax liability for a Chapter 13 debtor should not be prorated for the petition year, but instead "becomes payable" for purposes of filing a claim pursuant to § 1305 at the earliest the end of the taxable year, which is December 31, but more likely at the April 15 tax return due date for calendar-year tax filers. The 2002 tax debt at issue in this case, therefore, is a postpetition liability for which the IRS may, but is not required to, file a claim pursuant to § 1305(a). Of course, the IRS's decision to file a claim will depend first upon whether the Debtor chooses to amend her confirmed plan to provide for treatment of the postpetition tax claim. In the absence of a plan amendment and the voluntary filing of a claim, the postpetition tax debt will not be dischargeable in this case. See cases cited in KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY 3D ED. § 350–1, n. 18, uniformly holding that postpetition taxes were not dischargeable unless the confirmed plan provided for postpetiton debts and the IRS voluntarily filed a claim.

As a result of the Court's conclusion concerning the postpetition nature of the 2002 taxes, it is premature for the Court to rule upon dismissal of this case. The Debtor should be given the opportunity to decide if she will amend her confirmed plan to provide for treatment of the postpetition tax debt. The IRS may renew its

motion to dismiss if it so decides after giving the Debtor that opportunity.