In re Darrell Cecil LAYMON and
Deborah Kay Laymon,
Debtors.

CenturyTel of Northwest Arkansas,
LLC d/b/a CenturyTel,
Plaintiff,

v.

Darrell Cecil Laymon and Deborah
Kay Laymon, Defendants.

Bankruptcy No. 4:02–BK–19166.
Adversary No. 4:06–AP–1317.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Jan. 16, 2007.

James R. Pate, Russellville, AR, for the
debtors.

Charles T. Coleman, Little Rock, Rex D.
Rainach, Baton Rouge, LA, for Century-
Tel.

ORDER

RICHARD D. TAYLOR, Bankruptcy
Judge.

Before the Court is plaintiff CenturyTel
of Northwest Arkansas, LLC's [Century-
Tel] Motion for Summary Judgment on
Amended and Restated Complaint for De-
claratory Judgment filed on October 16,
2006, and debtors Darrell Cecil Laymon's
and Deborah Kay Laymon's Response to
Plaintiffs' Motion for Summary Judgment
on Amended and Restated Complaint for
Declaratory Judgment filed on December
12, 2006. For the reasons stated below,
the Court grants CenturyTel's motion for
summary judgment.

**Jurisdiction**

This Court has jurisdiction over this
matter under 28 U.S.C. §§ 1334 and 157,
and it is a core proceeding under 28 U.S.C.
§ 157(b)(2)(A), (B) and (I). The following
opinion constitutes findings of fact and
conclusions of law in accordance with Fed-
eral Rule of Bankruptcy Procedure 7052.

**Background**

On August 25, 2002, the debtors filed
their voluntary chapter 13 petition. On
May 17, 2006, the debtors filed an Amend-
ment to Schedule F [the Amendment],
amending their bankruptcy schedules to
include several creditors' claims, including
CenturyTel's claim of $2000.00. On June
13, an Order Confirming Chapter 13 Plan
As Modified on 5/17/2006 was entered,
even though no modified chapter 13 plan
had been filed on that date. Apparently,
the debtors believed the Amendment suf-
ficed to amend their plan. This assump-
tion is the subject matter of an order to

show cause hearing set for January 24, 2007. On September 15, CenturyTel filed an adversary proceeding for a declaratory judgment that CenturyTel's claim could not be involuntarily included in the amended plan or discharged in this case. CenturyTel filed an amended complaint on September 28, which the debtors answered on October 2, 2006. CenturyTel filed a motion for summary judgment on the amended complaint on October 16. In CenturyTel's motion for summary judgment, it argues that it is entitled to summary judgment because its claim is a post-petition claim that cannot be, and is not, included in the debtors' plan. Because of this, CenturyTel argues, the post-petition claim is not subject to discharge.

In support of its motion for summary judgment, CenturyTel filed a statement of material facts to which there is no dispute, which states in relevant part:

15. The balance on the [debtors'] account in question, Account Number 300648180, currently has a balance of $2,060.68.

16. All of the services rendered by CenturyTel on [the debtors' accounts] are post-petition services and the entire balances are post-petition claims.

17. CenturyTel has not and will not file a proof of claim in this case for these post-petition claims.

18. CenturyTel does not consent to the inclusion of these post-petition claims in the debtors' Amended Plan.

On December 12, 2006, the debtors filed a response to CenturyTel's motion for summary judgment in which the debtors generally deny that CenturyTel was entitled to summary judgment as a matter of law. The debtors did not file a separate statement of material facts controverting the plaintiff's statement of material facts.

## Summary Judgment Standard

Federal Rule of Bankruptcy Procedure 7056 provides that Federal Rule of Civil Procedure 56 applies in adversary proceedings. Rule 56 states that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The burden is on the movant to establish the absence of material fact and identify portions of pleadings, depositions, answers to interrogatories, admissions on file, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party, who must "go beyond the pleadings" and by his or her own affidavits, depositions, answers to interrogatories, and/or admissions on file, designate specific facts to demonstrate that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548.

Local Rule 56.1 of the United States District Court for the Western District of Arkansas imposes additional requirements on the parties relating to motions for summary judgment:

(a) Any party moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine issue to be tried.

(b) If the non-moving party opposes the motion, it shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine issue exists to be tried.

(c) All material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b).

When ruling on a summary judgment motion, the Court must view the facts in the light most favorable to the non-moving party and allow that party the benefit of all reasonable inferences to be drawn from the evidence. *Ferguson v. Cape Girardeau Cty.*, 88 F.3d 647, 650 (8th Cir.1996).

**Discussion**

CenturyTel filed a statement of undisputed facts with its motion for summary judgment, as required by Local Rule 56.1(a). The debtors did not file a statement controverting these material facts. Consequently, pursuant to Local Rule 56.1(c), it is deemed admitted that CenturyTel's claim is a post-petition claim, CenturyTel has not and will not file a proof of claim in this case for its post-petition claim, and CenturyTel does not consent to the inclusion of its post-petition claim in the debtors' amended plan.

Taking these material facts as true, and applying relevant law, CenturyTel has met its burden of proof and is entitled to summary judgment as a matter of law. Section 1328(a) of the bankruptcy code addresses the dischargeability of claims in a chapter 13 case and states that, "the court shall grant the debtor a discharge of all debts provided for by the plan." Therefore, CenturyTel's post-petition claim must be "provided for" by the plan in order to be discharged.

█ In relation to a post-petition claim, a debtor may "provide for the payment of all or any part of any claim *allowed* under section 1305" in the chapter 13 plan. 11 U.S.C. § 1322(b)(6) (emphasis added). In order to be "allowed," a creditor must first file a proof of claim. Section 1305 addresses the allowance and filing of post-petition claims. Under § 1305, "[a] proof of claim *may be filed by any entity that holds a claim* against the debtor ... that is a consumer debt, that arises after the date of the order for relief under this chapter, and that is for property or services necessary for the debtor's performance under the plan." 11 U.S.C. § 1305(a)(2) (emphasis added). Therefore, only the holder of a § 1305 claim may file a proof of claim for a post-petition debt. *In re Benson,* 116 B.R. 606, 607 (Bankr. S.D.Ohio 1990). The debtor may not involuntarily "provide for" a debt that is not the subject of a properly filed and allowed post-petition proof of claim.

Bankruptcy courts have held that, by definition, a debtor is not a holder of claim. *In re Sims,* 288 B.R. 264, 268 (Bankr. M.D.Ala.2003); *Benson,* 116 B.R. at 607. Further, "'a debtor may not file proof of a § 1305 claim on behalf of the holder of such a claim.'" *Benson,* 116 B.R. at 608 (quoting *In re Pritchett,* 55 B.R. 557, 559 (Bankr.W.D.Va.1985)). Section 1305(a)(2) of the code does not require that post-petition creditors file a claim, and the debtor cannot force the creditor's participation through postconfirmation modifications. *In re Woods,* 316 B.R. 522, 524–25 (Bankr.N.D.Ill.2004) (stating "courts have uniformly interpreted § 1305 to give these postpetition creditors the option of having their claims pass though the bankruptcy without discharge simply by not filing the proof of claim that the section authorizes"); *Sims,* 288 B.R. at 268.

█ It is undisputed that CenturyTel's claim is a post-petition claim. Further, CenturyTel does not consent to its inclusion in the plan and has not filed a proof of claim. No claim has been properly filed under § 1305 and the post-petition claim cannot be, and has not been, properly provided for in a chapter 13 plan. According-

ly, CenturyTel's claim is not dischargeable under § 1328.

Because there are no genuine issues of material fact remaining to be heard and for the reasons stated above, the Court grants CenturyTel's motion for summary judgment.

IT IS SO ORDERED.